**E.W.H. & ASSOCIATES**

v.

**Sheila SWIFT et al.**

**LOGJAM OUTLET CENTER ASSOCIATES**

v.

**Sheila SWIFT et al.**

**No. 91–640–M.P.**

Supreme Court of Rhode Island.

Jan. 14, 1993.

Laurel K. Bristow, Partridge, Snow & Hahn, Providence, for plaintiff.

Stephen White, Pucci & Goldin, Providence, for defendant.

## OPINION

SHEA, Justice.

This case is before the court on the plaintiffs' petition for certiorari to review a ruling of the Superior Court in which the trial justice had refused to enforce an oral-settlement agreement. We deny the petition and affirm the judgment of the Superior Court.

At issue in this appeal is the proper application of Rule 1.5 of the Superior Court Rules of Practice. That rule mandates that "[a]11 agreements of parties or attorneys touching the business of the court shall be in writing, unless orally made or assented to by them in the presence of the court when disposing of such business, or they will be considered of no validity." Citing this rule, the Superior Court refused to grant plaintiffs' motion to enforce an oral-settlement agreement.

The defendant, Sheila Swift (Swift), was scheduled to be deposed on March 11, 1991. Although all parties were present, the deposition did not take place. Instead the parties entered into settlement negotiations. The outcome of those negotiations is now in dispute. The plaintiffs, E.W.H. & Associates and Logjam Outlet Center Associates, claim that an agreement was reached whereby Swift would make payments of $25,000 in three installments. The two deferred payments were to be guaranteed by Banice Bazar, who is the president of the corporate defendants and the father of Swift's attorney, David Bazar. In return plaintiffs would stipulate the dismissal of their case against all defendants.

After negotiations took place, plaintiffs' counsel drafted a stipulation, a promissory note, and a guarantee and forwarded them to Attorney Bazar for the proper signatures. Apparently a dispute arose regarding whether Banice Bazar had agreed to act as guarantor. Consequently the documents were never signed. Upon Attorney Bazar's statement that he did not believe an agreement existed, plaintiffs filed a motion to enforce the settlement. The denial of that motion, by the Superior Court is the basis of this appeal.

This court has not previously had occasion to interpret Rule 1.5 of the Superior Court Rules of Practice. Courts of other jurisdictions have, however, construed similar provisions. In 1984 the Texas Supreme Court discussed its analogous rule in *Kennedy v. Hyde*, 682 S.W.2d 525 (Tex.1984). Rule 11 of the Texas Rules of Civil Procedure is similar to Rhode Island's Rule 1.5, but it adds the requirements that settlement agreements be signed by the parties and filed with the court.

The plaintiffs here have argued that *Kennedy v. Hyde* is easily distinguishable from the present case because of the Texas rule's requirement that settlement agreements include the signatures of all parties. The plaintiffs conclude that because Rhode Island's rule does not require the signatures of the parties to be bound, a writing produced by one party, over the objection of the others, satisfies Rule 1.5.

In determining the proper application of Rule 11, the Texas Supreme Court found that a regulation such as Rule 11 has a significant purpose. Although stipulated settlements can lighten the burden on the judicial system, "Rule 11 ensures that such agreements do not themselves become sources of controversy, impeding resolution of suits." *Kennedy v. Hyde*, 682 S.W.2d at 530. That same rationale can be applied to Rule 1.5 of Rhode Island's rules. Requiring stipulated agreements either to be placed on the record or to be reduced to an agreed-upon writing ensures that the

agreement itself does not become a source of further controversy and litigation.

To adopt plaintiffs' characterization of Rule 1.5 would lead to absurd results. Such a rule would allow a litigant to produce a writing, allege that it was an agreed-upon settlement, and thereby bind the other parties, regardless of their objection to or disagreement with the integration. This was not the intention of the drafters of Rule 1.5. Although Rhode Island's rule does not mandate that the signatures of the parties be on a settlement agreement, the writing itself must be an integration of the actual settlement and be agreed to by all parties involved. A court cannot compel parties to abide by an alleged settlement when the parties are not in agreement about its terms.

Generally in situations such as this one, parties can preserve their agreement by placing it on the record or reducing it to an agreed-upon writing. That would not have aided plaintiffs in this action. The Superior Court did not have personal jurisdiction over Banice Bazar. Because he was not a party to the suit, he could not be bound by any order of the court.

The plaintiffs have also argued that the Statute of Frauds does not offer a defense and that the doctrine of partial performance bars defendant Swift from raising it as a defense. Because our ruling above is dispositive of this appeal, we do not reach the other issues raised in the plaintiffs' brief.

The petition for certiorari is denied, the writ heretofore issued is quashed, and the order of the Superior Court is affirmed. The papers of the case are remanded to the Superior Court with our decision endorsed thereon.