Robert J. MELUCCI

v.

Louis D. BERTHOD et al.

No. 95–196–Appeal.

Supreme Court of Rhode Island.

Jan. 9, 1997.

Michael F. Horan, Pawtucket, for Plaintiff.

Neil P. Philbin, Peace Dale, for Defendants.

## OPINION

PER CURIAM.

This case comes before us pursuant to an order of this Court directing the parties to appear and show cause why the issues presented in this appeal should not be summarily decided. After consideration and review of counsels' arguments and memoranda, we conclude that cause has not been shown and that the plaintiff's appeal will be summarily decided at this time.

The plaintiff, Robert J. Melucci (plaintiff), and defendants Louis D. Berthod, Philip F. Godfrin, and John J. McMann, Jr. (defendants), were partners and owners of a shopping center in North Smithfield, Rhode Island. Because of a disagreement regarding the property, plaintiff on December 7, 1987, filed a complaint for partition of real estate in the Superior Court. A purchase and sale agreement for the property was thereafter entered into in which the partners agreed to sell the property to a third party for an agreed upon figure of $1,250,000.

A closing on the $1,250,000 purchase agreement was scheduled for late 1988. The plaintiff refused to cooperate in the closing, and the sale was terminated as a result. Shortly thereafter, the defendants in the partition action moved for the appointment by the Superior Court of a commissioner to sell the property and to distribute the net proceeds thereof between the plaintiff partner and the three defendant partners. Former Justice Antonio S. Almeida appointed former attorney Thomas Hutton (Hutton), commissioner to sell the property and authorized sale thereof to a prospective purchaser for $1,175,000. The defendants then moved for permission to file a counterclaim against the

plaintiff, seeking damages from him for their loss represented by the difference between the aborted original sale price and the commissioner's sale price. That counterclaim was filed pursuant to an agreed upon stipulation of the parties. Then Justice Almeida appointed Hutton a master for the purposes of conducting hearings on the defendants' counterclaim. Hutton, as the appointed master, did conduct the required hearings and thereafter, prepared his master's report, including his findings. He determined the defendants' counterclaim in their favor and assessed their losses against plaintiff in the amount of $56,250. Hutton as both master and commissioner was ordered by then Justice Almeida to submit his statement for services, fees, and costs; and to deduct same after court approval from the property sale proceeds, and to then hold the balance remaining for court-approved distribution to the partners. After various motions filed by the parties, and hearings thereon, following the filing of Hutton's master-commissioner's report, including an appeal by the plaintiff to this Supreme Court that was dismissed because of his failure to file his pre-briefing materials, the case found its way to another justice of the Superior Court.

On April 18, 1991, that justice approved the master-commissioner's report and entered judgment for the defendants against the plaintiff in the amount of $56,250. Another appeal by the plaintiff to this Supreme Court followed. During its early pendency here, the parties attempted to negotiate settlement of their differences, and plaintiff's counsel, believing that a settlement agreement had been reached, unilaterally filed an appeal dismissal statement in this Court. Upon the basis of that stipulation, the plaintiff's appeal was dismissed on August 14, 1991. The defendants had no knowledge of the filing of the appeal dismissal stipulation and disputed any completed settlement agreement. They thereupon moved in the Superior Court for an execution to issue upon the April 18, 1991 Superior Court final judgment. On February 18, 1992, after a hearing before Justice Robert D. Krause, the defendants' motion for issuance of the execution was granted, and an order permitting execution to issue was entered on February 25, 1992. A third plaintiff's appeal to this Court followed.

On March 13, 1992, plaintiff on his appeal requested this Court to stay the February 25, 1992 Superior Court order permitting issuance of the execution against him. On that day, this Court granted plaintiff's request for the stay and remanded the case to the Superior Court for hearing to determine if a settlement of the case, as alleged by plaintiff, had been in fact agreed upon by the parties. A Superior Court justice, after remand hearing, found that there had been attempts at settlement of the case, but none of which culminated in a final and binding case settlement agreement. In addition, the trial justice found that the purported settlement agreement was never placed on record by counsel for the parties nor reduced to an agreed upon writing. She ruled that under *E.W.H. & Associates v. Swift*, 618 A.2d 1287 (R.I.1993), the purported settlement agreement was not enforceable as a matter of law and that as a consequence, Justice Krause's order granting issuance of execution was valid.

In *Swift* we construed Rule 1.5 of the Superior Court Rules of Practice. Rule 1.5 requires that "[a]ll agreements of parties or attorneys touching the business of the court shall be in writing, unless orally made or assented to by them in the presence of the court when disposing of such business, or they will be considered of no validity." We held that the parties could preserve an agreement in two ways: by placing it on the record or by reducing it to an agreed upon writing. *Swift*, 618 A.2d at 1289.

Here the trial justice determined that the agreement was not placed on the record and additionally that no agreed upon writing was executed. She specifically found that the parties were not in agreement in regard to the amount of Hutton's fees. The evidence clearly supports her findings.

For these reasons, the plaintiff's appeal is denied and dismissed, and the order appealed from is affirmed. The papers in this case are remanded to the Superior Court.