Matthew DELEO

v.

## GENERAL ACCIDENT INSURANCE COMPANY.

No. 96–88–Appeal.

Supreme Court of Rhode Island.

April 29, 1997.

Timothy O'Hara, Providence.

Michael T. Sullivan, Warwick.

### ORDER

This matter came before the Supreme Court for oral argument on April 10, 1997, pursuant to an order directing the plaintiff, Matthew Deleo, to show cause why this appeal should not be summarily decided. The plaintiff has appealed from a Superior Court order that granted the motion for summary judgment of the defendant, General Accident Insurance Company. After reviewing the memoranda submitted by the parties and after hearing the arguments of counsel, we conclude that cause has not been shown, and the appeal will be decided at this time.

The plaintiff was involved in an automobile accident in January 1992, and in November 1994, filed suit against several individuals who had been in the collision. In January 1995, after the statute of limitations had expired, one Ronald P. Sousa (Sousa) was named as an additional defendant. Sousa was represented by defendant. After the complaint was filed, but prior to defendant's filing an answer, the parties reached an oral agreement to settle the matter for $10,000. Before the agreement was reduced to writing, however, defendant realized that the ac-

tion had been filed after the statute of limitations had run. Accordingly, in filing its answer, defendant raised the affirmative defense that the statute of limitations had run and filed a motion for summary judgment that was granted by the trial justice. Subsequently, plaintiff filed suit against defendant to enforce the oral settlement agreement. The defendant's motion for summary judgment was granted, and plaintiff has appealed.

It is well established that in this jurisdiction settlement agreements must be in writing and must be agreed upon by the parties in order to be binding. In *E.W.H. & Associates v. Swift*, 618 A.2d 1287, 1289 (R.I.1993), this Court held that Rule 1.5 of the Superior Court Rules of Practice requires that settlement agreements, in order to be enforceable, must be in writing and must be an integration of the actual agreement between the parties. This rule, which now appears as Super.R.Prac.P. 1.4, states:

> "All agreements of the parties or attorneys touching the business of the court shall be in writing, unless orally made or assented to by them in the presence of the court when disposing of such business, or they will be considered of no validity."

In *Swift*, this Court determined that an unsigned written settlement agreement was not enforceable, because the purpose of Rule 1.4 is to ensure that the agreement itself does not become a source of further controversy and litigation between the parties. *Id.* at 1288. The plaintiff attempts to distinguish *Swift* by arguing that the terms of the agreement in *Swift* were in dispute, whereas it is undisputed in this case that the parties agreed to settle plaintiff's claim for $10,000. Such an argument, however, contravenes the clear language of Rule 1.4 that an agreement be in writing. In addition, plaintiff ignores this Court's interpretation of the Rule in *Swift*, namely that enforcement of an oral agreement upon the mere allegation by one party that the writing contained all the terms agreed upon, over the objection of an opposing party, violates the intent of Rule 1.4. *Id.* at 1289. Consequently, we deny and dismiss the plaintiff's appeal, affirm the judgment of

the Superior Court, and remand the papers in this case to the Superior Court.