Randall P. MASTERSON, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CIV.A.01–067L.

United States District Court, D. Rhode Island.

April 23, 2002.

John B. Harwood, McKinnon & Harwood, Pawtucket, RI, for plaintiff.

Robin E. Feder, U.S. Attorney's Office, Providence, RI, for defendant.

*Decision and Order*

LAGUEUX, Senior District Judge.

This matter is before the Court on the government's motion to dismiss. On January 27, 1999, this Court entered an order dismissing, with prejudice, a two count indictment brought against plaintiff, Randall P. Masterson ("Masterson"). On February 7, 2001, plaintiff filed a Complaint alleging that he is entitled to recover attorneys' fees from the government pursuant to 18 U.S.C. § 3006A, commonly known as the Hyde Amendment. Shortly after plaintiff initiated this suit, the government filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), arguing that this Court does not have subject-matter jurisdiction over this case because plaintiff (1) failed to file a timely complaint and (2) waived his right to attorneys' fees. For the reasons that follow, this Court concludes that it does not have subject-matter jurisdiction over plaintiff's suit and, therefore, grants the government's motion to dismiss.

## I. BACKGROUND

### The Underlying Criminal Action

In 1996, plaintiff was employed by the City of Providence as a police officer. During this time, a federal grand jury in this District was convened and had presented to it a one count charge against plaintiff. He was accused of committing a civil rights violation under color of law in violation of 18 U.S.C. § 242. On September 24, 1997, however, after hearing testimony from approximately 26 witnesses and after reviewing, among other items, personnel records and transcripts from other court proceedings, the grand jury returned "No True Bill." Therefore, plaintiff was not indicted on the alleged civil rights violation.

Approximately two years later, on March 24, 1998, the government again presented its case against plaintiff, this time to a new grand jury. The government charged plaintiff with a civil rights violation based on the original conduct alleged in the first proceeding and added a new charge under 18 U.S.C. § 242. Shortly thereafter, that grand jury returned a two count indictment against plaintiff.

The grand jury's indictment of plaintiff resulted in Criminal Prosecution No. 98–025L in this Court and the case was assigned to this writer. With the aid of private counsel, plaintiff entered a plea of not guilty on both charges and mounted a defense. As part of his defense, plaintiff filed a motion under Fed. R. of Crim. P. 6(e) seeking disclosure of the transcript of the 1997 and 1998 Grand Jury proceedings, which this Court granted. On October 5, 1998, based on the information secured, plaintiff filed a sealed motion to dismiss the indictment against him, alleging misconduct on the part of the government's attorney during the second grand jury proceeding. This Court held a hearing on that motion and gave the government time to reconsider its position. The government did reconsider and filed a motion for leave to dismiss the indictment without prejudice. Plaintiff responded by requesting that the dismissal be with prejudice.

Before a hearing was held, on January 27, 1999, the parties agreed to a dismissal with prejudice and the Court entered an order to that effect. The order provided in relevant part that the "parties by agreement, shall bear their own costs." [1]

### Plaintiff's Lawsuit

■ Two years later, on February 7, 2001, plaintiff initiated this action against the government seeking attorneys' fees. His Complaint,[2] brought pursuant to the Hyde Amendment, alleges that the government is liable for $75,000 in attorneys' fees, which plaintiff incurred in defending the criminal case. Specifically, it is alleged that plaintiff was the prevailing party in the criminal case and the position of the government was vexatious, frivolous, or taken in bad faith, and thus he is entitled to recover reasonable attorneys' fees in this matter.

1. For a discussion of the facts leading up to the dismissal, see John Gibeaut, *Down for the Count*, 87 A.B.A. J., Jan. 2001, at 37; Jonathan D. Rockoff, *Judge Dismisses Officer's Indictment*, Providence J., Jan. 29, 1999, at C1, C3.

2. While neither party raised this issue, this Court notes that the proper procedure for filing a claim for attorneys' fees under the Hyde Amendment is to file a motion in the criminal proceeding, upon conclusion of the proceedings. The motion should contain, *inter alia*, an itemized statement from an attorney stating the actual time spent representing the claimant and the rate at which fees are computed and a statement that the position of the government was not substantially justified.

**Government's Motion to Dismiss**

On April 10, 2001, in response to plaintiff's Complaint, the government filed a motion to dismiss. The government contends that plaintiff's claim for attorneys' fees, filed more than two years after this Court dismissed the underlying criminal action against him, is timed-barred under the Hyde Amendment. In addition the government argues that plaintiff agreed to waive attorneys' fees when the case was dismissed, and therefore, this Court lacks subject-matter jurisdiction over this case. After hearing oral argument on the motion, the Court took the matter under advisement. In the interim, the First Circuit decided *United States v. Knott*, 256 F.3d 20 (1st Cir.2001), which effectively decides the main issue presented in this case. Therefore, defendant's motion to dismiss is now in order for decision.

## II. STANDARD

Motions brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) are subject to the same standard of review. *See Negron–Gaztambide v. Hernandez–Torres*, 35 F.3d 25, 27 (1st Cir.1994), *cert. denied*, 513 U.S. 1149, 115 S.Ct. 1098, 130 L.Ed.2d 1066, (1995). In ruling on a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, taking all well-pleaded allegations as true and giving the plaintiff the benefit of all reasonable inferences. *Id.* Dismissal under Rule 12(b)(6) is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The question before the Court, therefore, is whether the complaint, viewed in the light most favorable to Masterson and with all doubts resolved in his favor, states any valid claim for relief. *See id.*

## III. DISCUSSION

### A. The Hyde Amendment

1. The Substantive Rule of the Hyde Amendment

■ Enacted in 1997, the Hyde Amendment permits recovery of attorneys' fees by criminal defendants in cases where "[U]ncle Sam sues you, charges you with a criminal violation, even gets an indictment and proceeds, but they are wrong. They are not just wrong, they are willfully wrong, they are frivolously wrong." *United States v. Wade*, 93 F.Supp.2d 19, 22 (D.D.C.2000)(citing 143 Cong. Rec. H7786–04, H7791 (Sept. 24, 1997)). The Hyde Amendment provides in relevant part:

> During fiscal year 1998, and in any fiscal year thereafter, the court, in any criminal case ... may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust.

Pub.L. 105–199,111 Stat. 2440, 2519 (1997) (reprinted in 18 U.S.C. § 3006A, historical and statutory notes).

2. Procedures and Limitations Applicable to Hyde Amendment Claims

Congress has mandated that an award of attorneys' fees under the Hyde Amendment "be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code," the Equal Access to Justice Act ("EAJA"). *Id.* The EAJA, which applies to civil actions, provides for the award of attorneys' fees in two separate subsections— § 2412(b) and § 2412(d)—but each contains differing procedures and limita-

tions. The question this Court must resolve, therefore, is which subsection of the EAJA applies in this case.

Section 2412(b) of the EAJA permits a prevailing party in any civil action brought by or against the United States to recover attorneys' fees and costs "to the same extent that any other party would be liable under the *common law or under the terms of any statute which specifically provides for such an award.*" 28 U.S.C. § 2412(b). The First Circuit has interpreted this provision of the EAJA to require the applicant to base his or her claim for attorneys' fees and expenses on a statute, independent of the terms of the EAJA, that contains provisions permitting the award of attorneys' fees. *See United States v. Knott,* 256 F.3d 20, 26 (1st Cir.2001)(noting that § 2412(b) "does not provide a complete and independent ground for a fee award but instead affords relief by reference to otherwise existing avenues to recover fees ....."); *see also United States v. Ranger Elec. Communications,* 210 F.3d 627, 633 (6th Cir.2000) (same). Thus, under § 2412(b), the government's liability for attorneys' fees is limited by the express terms of the incorporated statute upon which reliance is placed.

Section 2412(d) of the EAJA, on the other hand, does not require an applicant to look to an independent statute to provide a basis for the recovery of attorneys' fees. Section 2412(d)(1)(A) provides in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, unlike § 2412(b), § 2412(d) provides its own substantive basis for the award of attorneys' fees.

To be eligible for attorneys' fees under § 2412(d), however, a prevailing party must comply with certain procedures set forth in § 2412(d)(1)(B). These procedures include the filing of an application for fees within thirty days of final judgment; providing the court with an itemized statement from the attorney detailing both the time spent on representation and the rate at which the attorney computed his or her fees and expenses; satisfying a net worth requirement; and providing a statement alleging that the position of the government was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B).

The contrast, therefore, between the procedures and limitations fee applicants must satisfy under § 2412(d) and § 2412(b) is stark: § 2412(d), itself, requires certain procedures and limitations, whereas § 2412(b) relies on statutes that are independent of the EAJA to delineate the extent to which the government will be held liable for such awards.

█ In its motion to dismiss, the government contends that the procedures and limitations contained in § 2412(d), not those in § 2412(b), apply to claims for attorneys' fees under the Hyde Amendment. The government argues that because plaintiff did not file his application for attorneys' fees within the thirty-day statutory time limit provided for in § 2412(d), he is precluded, as a matter of law, from seeking attorneys' fees from the government in this case. Plaintiff, on the other hand, argues that he should be able to pursue his claim for attorneys' fees under either subsection and has chosen to pursue his Hyde Amendment claim under § 2412(b), which does not contain any specific time limitation within which a request

for attorneys' fees must be made. The issue this Court must decide, therefore, is which subsection applies to plaintiff's claim for attorneys' fees under the Hyde Amendment in this case.

The legal landscape in this area is sparse. Only a few federal courts have addressed the applicability of the EAJA procedures and limitations to claims for fees made pursuant to the Hyde Amendment. The majority of courts that have addressed the issue, however, have concluded that the procedures and limitations contained in § 2412(d)—not § 2412(b)— apply to Hyde Amendment claims for attorneys' fees. *See, e.g., United States v. Knott*, 256 F.3d 20 (1st Cir.2001); *United States v. Ranger Elec. Communications*, 210 F.3d 627 (6th Cir.2000); *United States v. Gladstone*, 141 F.Supp.2d 438 (S.D.N.Y. 2001); *United States v. Peterson*, 71 F.Supp.2d 695 (S.D.Tex.1999); *but cf. United States v. Holland*, 34 F.Supp.2d 346 (E.D.Va.1999). Like the majority of courts, the First Circuit in *Knott* concluded that § 2412(d)'s procedures and limitations apply to Hyde Amendment claims. *Knott*, 256 F.3d at 27. Therefore, the *Knott* decision is controlling in this case.

In *Knott*, the government prosecuted Riverdale Mills Corporation ("Riverdale") and its principal owner, James Knott ("Knott")(collectively, "defendants"), for alleged violations of the Clean Water Act. In mounting their defense, defendants successfully moved to suppress certain evidence the government sought to introduce at trial. Based on this ruling, which substantially weakened the government's case, the government moved to dismiss the indictment without prejudice, which was granted. Shortly thereafter, defendants filed a motion to recover attorneys' fees under the Hyde Amendment.

The district court awarded attorneys' fees to Riverdale but denied fees to Knott because his net worth exceeded the $2 million cap applicable to Hyde Amendment applicants under § 2412(d). Knott appealed the district court's ruling, arguing that under the Hyde Amendment, he could pursue his claim for attorneys' fees under § 2412(b), which would eliminate the § 2412(d) net worth limitation.

The First Circuit, however, rejected Knott's argument, holding that in order to be eligible for attorneys' fees under the Hyde Amendment, fee applicants must satisfy the requirements of § 2412(d). The panel grounded its decision on two key points. First, the Court stated that the plain language of the EAJA mandated this conclusion. Section 2412(b) provides for the recovery of attorneys' fees "under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b). The express language of § 2412(b) does not create an "independent, substantive ground upon which to recover fees...." *Knott*, 256 F.3d at 27. Rather, § 2412(b) directs applicants to other existing statutes to form the basis for recovery. The First Circuit explained that the Hyde Amendment could not be read to incorporate the procedures and limitations contained in § 2412(b): "[I]t would create a peculiar circularity to allow a defendant relying on the Hyde Amendment as the substantive basis of a request for attorneys' fees to elect to proceed under EAJA § 2412(b) in order to avoid the limitations imposed in EAJA § 2412(d), given that the Hyde Amendment itself incorporates the procedures and limitations of the EAJA." *Id.* Thus, the *Knott* Court reasoned that in order to give practical effect to the explicit language of the Hyde Amendment, the incorporation of the procedures and limitations contained in the EAJA must be read to refer to those contained in § 2412(d).

Second, the First Circuit based its decision to require Hyde Amendment fee ap-

plicants to comply with the procedures and limitations of § 2412(d) on policy grounds. The Court explained that by enacting the Hyde Amendment, the government waived its sovereign immunity against suits for attorneys' fees. *Knott* 256 F.3d at 27. The Supreme Court, however, has instructed courts to construe waivers of sovereign immunity narrowly. *See Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983). Thus, the Hyde Amendment, the *Knott* Court reasoned, must be read to incorporate the procedures and limitations contained in § 2412(d) in order to impose some limitation on the filing of Hyde Amendment claims. *Knott*, 256 F.3d at 27.

The First Circuit's decision regarding the applicability of § 2412(d)'s procedures and limitations to Hyde Amendment claims is in line with the majority of federal courts considering this issue. *Accord Ranger*, 210 F.3d at 633 ("We believe the correct interpretation of the procedures and limitations of the EAJA as incorporated in the Hyde Amendment includes the limitations of section 2412(d)."); *Peterson*, 71 F.Supp.2d at 699–700 (holding that successful defendants seeking attorneys' fees under the Hyde Amendment must comply with the requirements contained in § 2412(d)); *United States v. Heavrin*, 187 F.Supp.2d 738, 741 (W.D.Ky.2001) (stating that the Hyde Amendment conditions the award of attorneys' fees on a defendant's compliance with the procedures and limitations contained in § 2412(d)); *United States v. Gladstone*, 141 F.Supp.2d 438, 445 n. 9 (S.D.N.Y.2001) (noting that numerous courts have held that § 2412(d) applies to claims for attorneys' fees made pursuant to the Hyde Amendment).

Only one court—the District Court for the Eastern District of Virginia—has held otherwise. In *United States v. Holland*, 34 F.Supp.2d 346 (E.D.Va.1999), the Court held that "Hyde Amendment applicants in criminal cases may make the same election as civil litigants may make in claims under the EAJA and, accordingly, [defendants] may proceed under section 2412(b), free of section 2412(d) limitations." *Id.* at 358. In his opposition brief, plaintiff urges this Court to follow the holding set forth in *Holland*.

In its decision, the *Holland* Court reasoned that because the EAJA permits civil litigants to pursue their claims for attorneys' fees under either § 2412(b) or § 2412(d), there was "no reason to believe the Hyde Amendment intended to confer lesser rights upon criminal defendants than the EAJA conferred upon civil litigants." *Id.* at 357. Therefore, that District Court held that criminal defendants may elect to pursue their Hyde Amendment claims under § 2412(b), thereby avoiding the thirty-day filing requirement in § 2412(d). *See id.* at 358. Importantly, the Court did not expressly reject the applicability of § 2412(d)'s procedures and limitations to claims for attorneys' fees made pursuant to the Hyde Amendment. Instead, the *Holland* Court held that those individuals seeking attorneys' fees under the Hyde Amendment may elect to proceed under either subsection of the EAJA.[3] *Id.* at 358.

As aforementioned, the First Circuit has expressly rejected the reasoning set forth in *Holland* and in any event, that decision

---

**3.** Significantly, the *Holland* decision was appealed, but the Fourth Circuit never reached the merits of the district court's decision to award Holland attorneys' fees under § 2412(b) of the EAJA. *United States v. Hol-* *land*, 214 F.3d 523, 527 (4th Cir.2000) ("[W]e cannot consider the merits of whether the district court awarded attorneys' fees pursuant to the incorrect section of 28 U.S.C. § 2412....").

is not persuasive and will not be followed by this Court.

### 3. Other Limitations on Hyde Amendment Claims

Even assuming, *arguendo*, that the reasoning set forth in *Holland* should be followed and plaintiff permitted to pursue his claim for attorneys' fees under § 2412(b), this Court would still conclude that his claim is untimely. " 'Courts have consistently held that a statutory time limit is an integral condition of the sovereign's consent [to waive immunity].' " *Ranger*, 210 F.3d at 631 (citation omitted). Consequently, if the statute does not provide a time period in which claims for attorneys' fees must be made, the Federal Rules of Civil Procedure govern the timeliness of the filing. Federal Rule of Civil Procedure 54(d)(2)(B), which governs costs and judgments, states in pertinent part:

> Unless otherwise provided by statute or order of the court, the motion [for attorneys' fees] must be filed and served no later than 14 days after entry of judgment. . . .

Fed.R.Civ.P. 54(d)(2)(B). Hyde Amendment claimants seeking attorneys' fees under the procedures of § 2412(b), therefore, must file their claims within fourteen days of final judgment in the underlying case. *See, e.g., Sloan v. U.S. Dept. of Hous. & Urban Dev.*, 196 F.Supp.2d 16, 20–21 (D.D.C.2002) (stating that "under section 2412(b), the residual time limit for filing such a petition [for attorneys' fees] is the shorter limit set forth in Federal Rule of Civil Procedure 54(d)(2)(B) . . . ."). Ironically, plaintiff attempts to persuade this Court to apply the *Holland* rule, but by doing so and applying the Federal Rules of Civil Procedure, he would be given less time to pursue his claim for attorneys' fees than the time limitation provided in § 2412(d).[4] This Court concludes that the better rule, and the rule this Court must follow, is the rule enunciated by the First Circuit in *Knott* which requires Hyde Amendment applicants to comply with the procedures and limitations contained in § 2412(d).

### 4. Plaintiff's Complaint is Time–Barred

In this case, plaintiff filed his complaint for attorneys' fees in 2001, more than two years after this Court entered the 1999 order dismissing the criminal case against him. As noted previously, § 2412(d)'s thirty-day filing requirement is a mandatory jurisdictional condition, and "[f]ailure to submit the application within thirty days of the final judgment bars an award under § 2412(d)." *E.E.O.C. v. Mid–Minnesota Fed. Credit Union*, 820 F.Supp. 432, 434 (D.Minn.1993). Accordingly, plaintiff's complaint seeking attorneys' fees is, as a matter of law, time-barred and must be dismissed because this Court lacks subject matter jurisdiction to award fees. *See Action on Smoking & Health v. Civil Aeronautics Bd.*, 724 F.2d 211, 225 (D.C.Cir.1984) ("The thirty day time limitation contained in EAJA is not simply a statute of limitations. It is a jurisdictional prerequisite to governmental liability.").

### B. Plaintiff Waived His Right to Attorneys' Fees

This Court has an additional reason to grant the government's motion to dismiss: plaintiff has waived his right to seek attorneys' fees. On January 27, 1999, this

---

4. Depending on the circumstances, this writer usually allows a prevailing party twenty or thirty days to file a motion for attorneys' fees. *See, e.g., Rhode Island Med. Soc'y v. White-house*, 66 F.Supp.2d 288, 317 (D.R.I.1999); *Q.C. Constr. Co., Inc. v. Gallo*, 649 F.Supp. 1331, 1339 (D.R.I.1986).

Court entered an order dismissing the criminal indictment against plaintiff, with prejudice. The January 27, 1999 Order, which both the government and plaintiff agreed upon, stipulated that both parties would pay their own costs. Specifically, the order provides in relevant part:

> That the indictment in this case is, *with the consent of the parties,* dismissed with prejudice. The parties, *by agreement,* shall bear their own costs. (emphasis added).

Attorneys' fees are clearly a cost of litigation, therefore, plaintiff voluntarily agreed to bear the expense of his defense. Accordingly, plaintiff has waived any right to seek attorneys' fees now. *See Deleo v. General Accident Ins. Co.,* 693 A.2d 1029, 1030 (1997) (noting in the context of settlement agreements that settlement agreements that are in writing and agreed upon by the parties are binding).

III. Conclusion

To be eligible for reasonable attorneys' fees under the Hyde Amendment in the First Circuit, claimants must comply with the procedural requirements contained in § 2412(d) of the EAJA. Those requirements include, *inter alia,* filing the fee application within thirty days of final judgment in the underlying criminal matter. The thirty-day filing requirement is not merely a statute of limitations; it is a predicate to government liability. Thus, a claimant's failure to file his or her application for attorneys' fees within the thirty-day time period strips the Court of subject-matter jurisdiction over the Hyde Amendment claim.

In this case, plaintiff not only failed to file his claim for attorneys' fees within thirty days of this Court's order dismissing the underlying criminal action against him, but he also agreed to bear his own costs, thereby waiving his right to fees under the Hyde Amendment. Accordingly, for the foregoing reasons, this Court grants the government's motion to dismiss. The Clerk shall enter judgment for defendant, forthwith.

It is so ordered.