Carol A. ANDERSON, Plaintiff,

v.

USAA CASUALTY INSURANCE
COMPANY et al.,
Defendants.

No. CIV.A.02–2251(RMU).

United States District Court,
District of Columbia.

Sept. 29, 2003.

David Hilton Wise, Lewis & Roberts, P.L.L.C., Fairfax, VA, for Plaintiff.

David F. Grimaldi, Martell, Donnelly, Grimaldi & Gallagher, Judith A. Miller, Williams & Connolly, LLP, Dwight D. Murray, Jordan, Coyne & Savits, LLP, Washington, DC, Kelly Hughes Iverson, Malcolm S. Brisker, Goodell, Devries, Leech & Dann, LLP, Baltimore, MD, for Defendants.

### MEMORANDUM OPINION

URBINA, District Judge.

GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT; DENYING WITHOUT PREJUDICE THE PENDING MOTIONS TO DISMISS; AND GRANTING DEFENDANT NUCHEMCO'S CONSENT MOTION TO WITHDRAW ITS ANSWER

### I. INTRODUCTION

The plaintiff brings this action against several business entities, including Millennium Partners LLC, Millennium Partners Management LLC, Millennium Manager I, Inc., and Millennium Partners Washington Properties Management LLC (collectively, "the non-contracting Millennium defendants"), as well as 2200 M Street LLC ("2200 M Street" or "the contracting Millennium defendant"), USAA Casualty Insurance Company ("USAA"), NuChemCo, Inc. ("NuChemCo"), and The Environmental Group, Inc. ("TEG") (collectively, "the defendants"). This matter is currently before the court on the plaintiff's

unopposed motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a), the non-contracting Millennium defendants' motion to dismiss under Rules 9(b) and 12(b)(6), defendant 2200 M Street's motion to dismiss pursuant to Rule 12(b)(1), and defendant NuChemCo's motion to withdraw its prematurely filed answer to the plaintiff's proposed amended complaint. First, the court grants the plaintiff's unopposed motion to amend because the plaintiff's proposed amendment is as of right in some respects and, in other respects, the court can see no sufficient reason for not allowing the amendment. Second, the court denies without prejudice the pending motions to dismiss because they pertain to the original complaint, now superseded by the amended complaint. Finally, the court grants defendant NuChemCo's consent motion to withdraw its answer to the plaintiff's amended complaint as prematurely filed.

## II. BACKGROUND

### A. Factual Background

The plaintiff asserts a host of claims against the defendants, including contract, tort, and statutory claims. Specifically, the plaintiff advances claims against the non-contracting and contracting Millennium defendants for breach of contract; breach of express, implied, and statutory warranties; actual and constructive fraud; negligence and negligence *per se;* violations of the D.C. Consumer Protection Act; negligent misrepresentation; intentional and negligent infliction of emotional distress; and strict liability. Compl. ¶¶ 88–133, 144–79. The plaintiff seeks compensatory relief for personal injuries and monetary damages resulting from a "Residential Purchase Agreement" ("the contract") with defendant 2200 M Street for the purchase of two condominium units in "The Residences at the Ritz–Carlton" ("Ritz–Carlton Residences"), a condominium project "located in the North West End neighborhood" of the District of Columbia. *Id.* ¶¶ 8, 20–47.

After purchasing condominium units 7–F and 7–G, the plaintiff combined them into a single unit ("the condominium" or "the unit"), which is the subject of this action. *Id.* ¶ 15; Def. 2200 M Street's Mot. to Dismiss at 1–2. The plaintiff, who is a permanent resident of Florida, purchased the condominium for use as an alternate residence. Compl. ¶ 22. Defendant 2200 M Street and the non-contracting Millennium defendants are a group of related and jointly-controlled companies that are the developers of the Ritz–Carlton Residences. *Id.* ¶ 8.

Shortly after taking possession in November 2000, and occupying the condominium in January 2001, the plaintiff allegedly began experiencing "a variety of flu-related symptoms, such as nasal congestion, burning eyes and fatigue." *Id.* ¶¶ 18, 22. The plaintiff maintains that she had no known history of such health problems prior to occupying the condominium and that her symptoms would subside when she was away from the condominium. *Id.* ¶ 22. As time progressed, the plaintiff experienced further health problems, including "severe headaches, shortness of breath, congestion, fatigue, short-term memory loss and disorientation." *Id.* ¶ 40. The plaintiff attributes her health problems to a variety of toxic molds that allegedly began to grow within the walls of the building as a result of "serious and reoccurring leaks and flooding" which began during the construction of the condominium. *Id.* ¶¶ 54–55.

The plaintiff alleges that, despite the contracting and non-contracting Millennium defendants' longstanding knowledge of the extensive mold contamination, she was not informed of the contamination until August 2002. *Id.* ¶¶ 43, 55–63. Consequently, the plaintiff alleges that she was exposed to severe mold contamination on multiple occasions for more than a year. *Id.* In addition, the plaintiff claims that, as a result of the contamination, she has incurred past and future medical expenses, physical pain, and mental suffering. *Id.* ¶¶ 65–67. Finally, the plaintiff seeks damages and compensation for other various expenses related to the alleged defective design and construction of the condominium. *Id.* ¶¶ 65, 67.

### B. Procedural History

The plaintiff filed the complaint on November 14, 2002. Defendants USAA, NuChemCo, and TEG each filed an answer to the

plaintiff's complaint. On December 11, 2002, defendant 2200 M Street filed its Rule 12(b)(1) motion to dismiss or, in the alternative, to stay these proceedings pending arbitration. On that same day, the non-contracting Millennium defendants filed their motion to dismiss pursuant to Rules 9(b) and 12(b)(6).

Subsequently, the plaintiff filed a motion for leave to file an amended complaint on June 6, 2003. On August 11, 2003, defendant NuChemCo prematurely filed its answer to the plaintiff's proposed amended complaint. On September 24, 2003, defendant NuChemCo filed a consent motion to withdraw its answer to the plaintiff's proposed amended complaint. The court now addresses these pending motions.

## III. ANALYSIS

### A. The Plaintiff's Motion For Leave to Amend

The plaintiff moves the court for leave to amend the complaint based on "recently discovered additional facts which are necessary and pertinent to [the] plaintiff's ability to redress all of her claims[.]" Pl.'s Mot. at 1–2. In particular, the plaintiff seeks to add a negligence claim against the non-contracting and contracting Millennium defendants for allegedly relocating the plaintiff to an alternate unit that also had mold contamination while they attempted to remedy the contamination in the plaintiff's condominium. *Id.* at 2. Additionally, the plaintiff wants to amend the complaint to add several new defendants to the action.[1] *Id.* Finally, the plaintiff seeks

to add recently discovered facts "which expound on already existing claims in an effort to more accurately describe and put [the] defendants on notice of the basis for the claims." *Id.*

■ Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). Additionally, Rule 15(a) allows a party to amend its pleading to add a new party.[2] *Id.; Wiggins v. Dist. Cablevision, Inc.,* 853 F.Supp. 484, 499 (D.D.C.1994) (Lamberth, J.); 6 FED. PRAC. & PROC.2D § 1474. According to our court of appeals, Rule 15(a) "guarantee[s] a plaintiff an absolute right" to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss. *James V. Hurson Assocs., Inc. v. Glickman,* 229 F.3d 277, 282–83 (D.C.Cir.2000) (citing FED. R. CIV. P. 15(a)). If there is more than one defendant, and not all have served responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer. 6 FED. PRAC. & PROC.2d § 1481. Motions to dismiss and for summary judgment do not qualify as responsive pleadings for the purposes of Rule 15. *James V. Hurson Assocs.,* 229 F.3d at 283; *Bowden v. United States,* 176 F.3d 552 (D.C.Cir.1999); *U.S. Info. Agency v. Krc,* 905 F.2d 389, 399 (D.C.Cir. 1990).

■ Once a responsive pleading is served, however, a party may amend its complaint only by leave of the court or by written

---

1. The plaintiff seeks to add the Millennium Square Unit Owners Association, the Millennium Square Residential Association (collectively, "the Homeowners Association"), and three individual board members of the Homeowners Association, Gerald Costello, Mario Palumbo, and John Luciano (collectively, "the board members"). Pl.'s Mot. at 2.

2. A motion to amend a complaint to add a party may also implicate Federal Rules of Civil Procedure 20 and 21, the joinder rules. *Oneida Indian Nation v. County of Oneida,* 199 F.R.D. 61, 72 (N.D.N.Y.2000). Once a responsive pleading has been served, however, the standard for adding a party is the same regardless of the rule under which the motion is made: the decision lies

within the discretion of the court. *Wiggins v. Dist. Cablevision, Inc.,* 853 F.Supp. 484, 499 n. 29 (D.D.C.1994) (Lamberth, J.) (stating that "[i]t is well established that after a responsive pleading has been served, the standards for adding parties are the same whether the motion is made under Rule 15 or Rule 21"); *Oneida Indian Nation,* 199 F.R.D. at 72 (noting that "in practical terms there is little difference between [Rules 15, 20, and 21] in that they all leave the decision whether to permit or deny amendment to the district court's discretion"); 6 FED. PRAC. & PROC.2d § 1474 (indicating that "the same basic standard for adding or dropping a party will apply whether the pleader moves under Rule 15(a) or Rule 21").

consent of the adverse party. FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The grant or denial of leave to amend is committed to the sound discretion of the district court. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996). The court must, however, heed Rule 15's mandate that leave is to be "freely given when justice so requires." *Id.; Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1083 (D.C.Cir.1998). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182, 83 S.Ct. 227. Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments. *Id.; Caribbean Broad. Sys.*, 148 F.3d at 1083.

In the case at hand, defendants USAA, NuChemCo, and TEG answered the plaintiff's original complaint. However, the non-contracting Millennium defendants and defendant 2200 M Street filed motions to dismiss. The plaintiff, thereafter, sought leave to amend the complaint. The plaintiff, thus, has an "absolute right" to amend the complaint with regard to the non-contracting Millennium defendants and defendant 2200 M Street because their motions are not responsive pleadings and the court has yet to decide these motions.[3] *James V. Hurson Assocs.*, 229 F.3d at 282–83; *Bowden*, 176 F.3d at 555; *Bancoult v. McNamara*, 214 F.R.D. 5, 8 (D.D.C.2003). Similarly, the plaintiff has a right to amend the complaint by adding the Homeowners Association and the named board members as defendants to this action. FED. R. CIV. P. 15(a); *Wiggins*, 853 F.Supp. at 499; 6 FED. PRAC. & PROC.2d § 1474.

Because defendants USAA, NuChemCo, and TEG have each served and filed a responsive pleading, the plaintiff may amend her complaint as to those defendants only with leave of the court. *Bancoult*, 214 F.R.D. at 8 (citing FED. R. CIV. P. 15(a)). Thus, the court must determine whether a sufficient reason exists warranting denial of the plaintiff's proposed amendment as to those defendants. *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *Caribbean Broad. Sys.*, 148 F.3d at 1083.

As a preliminary matter, it appears that the only proposed amendment to the complaint of direct concern to defendants USAA, NuChemCo, and TEG involves the plaintiff's alleged dollar amount of damages.[4] In addition, it is important to note that the plaintiff's motion to amend is unopposed by these defendants.[5] In fact, defendant NuChemCo has prematurely answered the proposed amended complaint. It is against this backdrop that the court considers whether there is a sufficient reason to deny the plaintiff's motion to amend. *Id.*

---

3. When a plaintiff's amendment of the complaint is "as a matter of course" under Rule 15(a), the plaintiff's filing of a motion requesting the court's leave to amend does not nullify the plaintiff's right to amend and invoke the court's authority to deny leave. *E.g., Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir.2002).

4. In the original complaint, the plaintiff requests judgment "in an amount in excess of *$2,000,000.*" Compl. ¶¶ 67, 73, 80, 87, 143 (emphasis added). In the proposed amended complaint, however, the plaintiff requests judgment "in an amount in excess of *$10,000,000.*" Am. Compl. ¶¶ 87, 94, 101, 108, 167 (emphasis added). These damages differentials appear to be the only amendments that affect defendants USAA, NuChemCo, and TEG.

5. Under Local Civil Rule 7.1(b), if the opposing party fails to file a responsive memorandum of points and authorities in opposition to a motion, the court may treat the motion as conceded. *See* LCvR 7.1(b); *Giraldo v. Dep't of Justice*, 2002 WL 1461787, at *1, 202 U.S.App. LEXIS 13685, at *2 (D.C.Cir. July 8, 2002) (citing *Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d 58, 68 (D.C.Cir.1997)). Furthermore, a party who fails to file a timely response "is deemed to have waived his opposition to the [motion]." *Weil v. Seltzer*, 873 F.2d 1453, 1459 (D.C.Cir.1989) (also cited by *Bender*, 127 F.3d at 67–68, in the context of a motion for summary judgment). The D.C. Circuit has therefore stated that "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule." *Twelve John Does v. Dist. of Columbia*, 117 F.3d 571, 577 (D.C.Cir. 1997).

Looking first at the undue delay factor, the court concludes that, in light of the plaintiff's unrebutted representation that she "recently discovered additional facts which are necessary and pertinent to [the] plaintiff's ability to redress all of her claims," the plaintiff advanced her motion to amend with due diligence so as not to prejudice the defendants or unduly burden the court. Pl.'s Mot. at 1–2; *accord Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C.Cir.1996) (concluding that a court should take into account the actions of other parties and the possibility of resulting prejudice when considering a request for leave to amend). Similarly, there is no indication that the plaintiff made her motion in bad faith or due to a dilatory motive. *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *Caribbean Broad. Sys.*, 148 F.3d at 1083. Additionally, because this is the first time that the plaintiff seeks to amend the complaint, the court cannot conclude that the plaintiff has repeatedly failed to cure deficiencies by previous amendments. *Id.* Moreover, the court does not view the proposed amendment as futile because it merely changes the dollar amount in controversy. *Robinson v. Detroit News, Inc.*, 211 F.Supp.2d 101, 114 (D.D.C.2002) (quoting 3 Moore's Federal Practice § 15.15[3] (3d ed.2000) (defining futility)); *compare* Compl. ¶¶ 67, 73, 80, 87, 143, *with* Am. Compl ¶¶ 87, 94, 101, 108, 167. Finally, it does not appear that the plaintiff's amendment would unfairly prejudice these defendants given that this case is in the early stages of litigation and there is no opposition to the plaintiff's motion. *Foman*, 371 U.S. at 182, 83 S.Ct. 227; *Caribbean Broad. Sys.*, 148 F.3d at 1083.

In sum, the court sees no reason to deny the plaintiff's motion. *Id.* Following Rule 15(a)'s mandate, therefore, the court grants the plaintiff leave to file her amended complaint. *Id.*; FED. R. CIV. P. 15(a).

## B. The Pending Motions to Dismiss

Because the plaintiff's amended complaint supersedes the original complaint, the amended complaint is now the operative complaint. *Washer v. Bullitt County*, 110 U.S. 558, 562, 4 S.Ct. 249, 28 L.Ed. 249 (1884); *Bancoult*, 214 F.R.D. at 13 (noting that "the original complaint is now superseded by the amended complaint"); 6 FED. PRAC. & PROC.2d § 1476 (explaining that an amended pleading "under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified"). The non-contracting Millennium defendants and defendant 2200 M Street, however, have moved the court to dismiss the plaintiff's original complaint. Because their motions to dismiss pertain to the original complaint, the court denies the motions without prejudice. *Bancoult*, 214 F.R.D. at 13 ("den[ying] without prejudice all pending motions pertaining to the original complaint"); *Rasul v. Bush*, 215 F.Supp.2d 55, 58 (D.D.C. 2002) (Kotelly, J.); *Turner v. Kight*, 192 F.Supp.2d 391, 397 (D.Md.2002) (denying as moot the defendants' motions to dismiss on the basis that the amended complaint supersedes the original complaint).

## C. Defendant Nuchemco's Consent Motion to Withdraw its Answer

As for defendant NuChemCo's motion to withdraw its filed answer to the plaintiff's amended complaint, the court grants the motion and strikes the answer. The court agrees with defendant NuChemCo that it prematurely filed its answer to the amended complaint. Def. NuChemCo's Mot. at 2. As a result of today's ruling, the court deems the plaintiff's amended complaint filed as of the date of this opinion. Consequently, defendant NuChemCo will have a clean slate from which to respond to the plaintiff's amended complaint in a manner permissible under the federal rules.

## IV. CONCLUSION

For the foregoing reasons, the court grants the plaintiff's motion for leave to amend the complaint, denies without prejudice the non-contracting Millennium defendants' and defendant 2200 M Street's motions to dismiss, and grants defendant NuChemCo's motion to withdraw its answer to the amended complaint. An order directing the parties in a manner consistent with this Memorandum Opinion is

separately and contemporaneously issued this 29th day of September 2003.