DECISION
Before the Court are the objections of Clifton Associates f/k/a Johnson Asbestos (Clifton) and New England Insulation (NEI) to the Plaintiffs' Motion for Leave to Amend their Complaint. The Plaintiffs, James Dyer and Linda Dyer (the Plaintiffs), seek to add Clifton and NEI as party defendants in their Third Amended Complaint. Jurisdiction is pursuant to Super. Civ. P. Rule 15(a) and G.L. 1956 § 8-2-14.[1]
 I Facts and Travel
In 1957, Plaintiff John Dyer (Mr. Dyer) received a permit from the International Association of Heat and Frost Insulators and Asbestos Workers' Union, Local 31. Deposition of John Dyer dated May 15, 2007, at 23. One year later he was accepted by the union as a member and became an apprentice insulator mechanic. Id. at 24. He completed his apprenticeship in 1962, and he worked as a qualified insulator mechanic/journeyman until his retirement in 1994. Id. During the course of his career, Mr. Dyer was exposed to asbestos. *Page 2 
On April 20, 2007, the Plaintiffs filed the instant action in this Court against thirty-five defendants. They alleged, inter alia, that beginning in the 1950s, Mr. Dyer suffered numerous asbestos-related injuries, including malignant mesothelioma, as a result of his exposure to asbestos and asbestos-containing materials through his employment at various jobsites throughout Rhode Island and greater New England.
On April 27, 2007, the Plaintiffs amended their Complaint to add three defendants. On May 15, 2007, the Plaintiffs again amended their Complaint in order to add four more defendants. Mr. Dyer testified at a deposition from May 15, 2007, until May 24, 2007. Eight months later, on January 24, 2008, the Plaintiffs moved to amend their Complaint for a third time so that they could add Clifton and NEI as party defendants. At the time, the trial was scheduled to begin on February 24, 2008. The trial has since been rescheduled to April 14, 2008. After a hearing on the Motion to Amend, the Court will now render its Decision.
 II Standard of Review
The amendment of a pleading in the Superior Court is governed by Rule 15(a) of the Superior Court Rules of Civil Procedure. It provides in pertinent part:
 "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Super. Civ. P. Rule 15(a).
Thus, pursuant to Super. Civ. P. Rule 15(a), a party may amend once as a matter of course before a responsive pleading is filed. Once a responsive pleading has been filed, the party only may amend by leave of the Court or upon receiving written consent from the adverse party. *Page 3 
The Rhode Island Supreme Court consistently has held "that trial justices should liberally allow amendments to the pleadings, . . . for, [t]he true spirit of the rule is exemplified in the words and . . . leave shall be freely given when justice so requires." Medeiros v.Cornwall, 911 A.2d 251, 253 (R.I. 2006) (internal citations and quotations omitted). In Medeiros, the Supreme Court observed that the United States Supreme Court has interpreted identical language in the Federal Rules of Civil Procedure when it stated that
 Rule 15(a) declares that leave to amend shall be `freely given when justice so requires'; this mandate is to be heeded . . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave should, as the rules require, be `freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Id. at 254 (quoting Foman v. Davis, 371 U.S. 178, (1962)).
Thus, decision to permit an amendment to a pleading "is left exclusively to the sound discretion of the trial justice" and will not be disturbed absent "an abuse of discretion." Medeiros, 911 A.2d at 254.
Rule 15(a) also "allows a party to amend its pleading to add a new party." Anderson v. USAA Cas. Ins. Co., 218 F.R.D. 307, 310 (D.D.C. 2003). But, "[o]nce a responsive pleading has been served, however, the standard for adding a party . . . lies within the discretion of the court." Id. at 310 n. 2. In situations where "there is more than one defendant, and not all have served responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer." Id.; see also See Goldlawr, Inc. v.Shubert, *Page 4 169 F.Supp. 677 (E.D. Pa. 1958) (stating that in actions where there are multiple defendants and where not all defendants have filed a responsive pleading to the complaint, the plaintiff normally would be allowed to amend his or her complaint as to the non-answering defendants without leave of the Court).
 III Analysis
NEI and Clifton object to the Motion to Amend on grounds that it is unduly delayed, unduly prejudicial, and is occasioned by the Plaintiffs' repeated failure to cure a deficiency. NEI further contends that the motion is futile because the claim is barred by G.L. 1956 § 9-1-29, a Statute of Repose, and by chapters 29-36 of title 28, the Workers' Compensation Statute.
The Plaintiffs counter that they should be allowed to amend their pleadings as a matter of right because not all of the defendants have filed responsive pleadings. Specifically, they maintain that the Motion to Amend should be granted because NEI and Clifton have not responded to the Complaint. In addition, the Plaintiffs assert that a nine-month delay in filing the Motion does not constitute an undue delay, and that NEI and Clifton would not have to conduct "additional" discovery to their prejudice because "any discovery conducted by [them] would be no different than any discovery [they] would have conducted had [they] been named in the Original Complaint." The Plaintiffs further contend that because the purpose of the Motion is to add defendants to an action, it does not constitute a belated attempt to cure a deficiency. Finally, the Plaintiffs maintain that the Workers' Compensation Statute does not apply because there were instances when NEI exposed Mr. Dyer to asbestos when he was not employed by NEI.
Before addressing the objections raised by NEI and Clifton, the Court first categorically rejects the Plaintiffs' contention that they can amend the Complaint as a matter of right because *Page 5 
NEI and Clifton have not filed responsive pleadings. In essence, the Plaintiffs are maintaining that because NEI and Clifton did not respond to the Second Amended Complaint, a Complaint in which they were not named as defendants, they automatically may be added to the Third Amended Complaint. To adopt this interpretation of Super. Civ. P. Rule 15(a) would lead to an absurd result because it would give plaintiffs an unlimited right to add new parties to their actions. In addition, it would eliminate the Court's discretionary power to consider Motions to Amend that only seek to add new parties. See E.W.H. Assoc. v.Swift, 618 A.2d 1287, 1289 (R.I. 1993) (refusing to adopt an interpretation of Rule 1.5 of the Superior Court Rules of Practice that would lead to "absurd results"); see also Kaya v. Partington,681 A.2d 256, 261 (R.I. 1996) ("This court will not construe a statute to reach an absurd result.") Having concluded that the Plaintiffs may not amend their complaint as a matter of right in the present circumstances, the Court now will address the objections raised by NEI and Clifton.
NEI and Clifton maintain that an excessive and undue delay is grounds for denying the Plaintiffs' Motion absent a showing of excusable neglect. They also assert that because the Plaintiffs have failed to make the requisite showing of excusable neglect, the Motion to Amend should be denied. The Plaintiffs counter that the mere assertion that undue delay exists is not enough to warrant a denial of the Motion.
Even though "Rule 15(a) liberally permits amendment absent a showing of extreme prejudice, and this Court has permitted amendments to pleadings even after trial, the risk of substantial prejudice generally increases with the passage of time." RICO Corp. v. Town ofExeter, 836 A.2d 212, 217-18 (R.I. 2003) (internal citations omitted). In a case where there was an amendment to file a compulsory counterclaim
 "mere delay is not enough to deny the amendment, . . . undue and excessive delay that causes prejudice to the opposing party is *Page 6 
 grounds for denial . . . Moreover, the trial justice's discretional authority to deny amendments to pleadings when delay is involved must always be placed within the scope of the spirit of the Superior Court Rules of Civil Procedure: They shall be construed to secure the just, speedy, and inexpensive determination of every action." Conn. Valley Homes of E. Lyme, Inc. v. Bardsley, 867 A.2d 788, 793 (R.I. 2005) (quoting Faerber v. Cavanagh, 568 A.2d 326, 329) (internal quotations omitted).
In light of the foregoing and given that Super. Civ. P. Rule 15(a) liberally permits amendments, the Court concludes that the allegation of an undue delay of nine months without a showing of extreme prejudice is not enough to warrant the denial of the Plaintiffs' Motion to Amend. Consequently, the next issue for the Court to determine is whether NEI and Clifton have demonstrated that they would be unduly prejudiced by the proposed amendment to the pleadings.
NEI and Clifton contend that the Motion to Amend is unduly prejudicial in light of the complexity of the case and the fact that extensive and costly additional discovery would be necessary on the eve of trial. They further suggest that the amendment should be denied because the Plaintiffs allowed NEI and Clifton to believe that they would not be named as defendants, and the NEI and Clifton assert that the Plaintiffs' repeated failures to add them as party defendants should preclude the Motion to Amend. However, given that the Court should liberally allow amendments to the pleadings, and given that the prejudice, if any, would be minimized by extending the discovery, the Court finds that the Plaintiffs' failure to add NEI and Clifton as party defendants at an earlier date is not fatal to the instant Motion.
The Plaintiffs maintain that any discovery conducted by NEI and Clifton would not be "additional" discovery because they have not conducted any discovery in the first instance. This contention, however, misses the point. Any discovery that NEI and Clifton might have to conduct would be additional to that already conducted by the other named defendants in this *Page 7 
case. Considering that until now, they have not been involved in the present litigation, it goes without saying that they would have not conducted any discovery before this point.
Accordingly, the real issue here is whether NEI and Clifton are unduly prejudiced by the necessity to begin discovery at this stage in the litigation. The Plaintiffs maintain that even if any undue prejudice previously had existed, said prejudice was eliminated when the trial date was moved forward to April 14, 2008. The Court disagrees and concludes that any prejudice that might have resulted from the necessity to conduct discovery at this stage in the litigation can be cured by moving the trial date to a later date.[2] The various Motions to Amend, which the Court has granted, belies the need for the current exigent status of this case. To proceed to trial at this juncture would be unfair to the newly added Defendants; therefore, this matter will be rescheduled for trial in October, 2008.[3]
 IV Conclusion
In light of the foregoing, the Court concludes that the Motion to Amend is not futile and that any prejudice that might have resulted from an undue delay is cured by a reasonable extension of discovery. Consequently, the Motion to Amend the Complaint is granted.
Counsel shall submit the appropriate order for entry.
[1] Section 8-2-14(a) provides in pertinent part:
 "The superior court shall have original jurisdiction of all actions at law where title to real estate or some right or interest therein is in issue, accept actions for possession of tenements let or held at will or by sufferance; and shall have exclusive original jurisdiction of all other actions at law in which the amount in controversy shall exceed the sum of ten thousand dollars ($10,000). . . ."
[2] Considering that it is the Plaintiffs' own Motion to Amend that would be the cause for extending the discovery stage for a reasonable period, the Plaintiffs would not have grounds to then object to such extension.
[3] NEI additionally asserts that the Plaintiffs' claim is precluded by the Workers' Compensation Statute because Mr. Dyer was an NEI employee at the time of any alleged exposures to asbestos that may have been caused by NEI, and it also suggests that the claim might be barred by the Statute of Repose. While such defenses might possibly have merit, because they would implicate issues of fact it would not be appropriate for the Court to address such defenses at this juncture.
Finally, NEI also made a Motion to Strike references in Plaintiffs' reply memorandum to transcripts of depositions in other asbestos-related cases because, it alleges, said deposition were not timely provided to NEI. The Court need not rule on the motion, however, because said references did not influence the outcome of this Decision.