**Roy E. BOWDEN, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 98–5146.**

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 22, 1999.

Decided June 4, 1999.

Daniel F. Rinzel argued the cause and filed the briefs for appellant.

Doris D. Coles, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were Wilma A. Lewis, U.S. Attorney, and R. Craig Lawrence, Assistant U.S. Attorney.

Before: RANDOLPH, ROGERS and TATEL, Circuit Judges.

Opinion for the Court filed by Circuit Judge TATEL.

TATEL, Circuit Judge:

Appealing to this court for a second time, appellant challenges the district court's rejection of his claim that the government had agreed to pay all federal and state taxes on back pay he received in settlement of his Title VII employment discrimination complaint. Appellant also challenges the district court's denial of his demand for trial by jury. Because Title VII does not authorize jury trials on claims of breach of settlement agreements, and because the district court's finding that the government had no obligation to pay appellant's remaining tax liability was not clearly erroneous, we affirm.

I

Appellant Roy Bowden worked for the Immigration and Naturalization Service from 1975 to 1982. After INS declined to select him for several vacancies as a criminal investigator, Bowden filed a race discrimination complaint with the agency. On January 10, 1990, Bowden agreed to settle his claim in exchange for a lump-sum back pay award. The precise amount of back pay, however, was not specified in the settlement agreement. Following further negotiations, the government gave Bowden a check for $190,000. It also paid over $50,000 in federal and state taxes on Bowden's behalf, but that payment fell approximately $60,000 below the amount necessary to cover Bowden's full tax liability on the back pay. Claiming that it had fulfilled its obligation under the settlement, INS refused to pay any additional taxes on Bowden's behalf. Bowden sued. The district court, finding Bowden had failed to exhaust his administrative remedies, dismissed the complaint. Concluding that INS had waived its exhaustion de-

fense, we reversed. *See Bowden v. United States,* 106 F.3d 433 (D.C.Cir.1997) (*Bowden I*).

On remand, Bowden moved under Federal Rule of Civil Procedure 15(a) to amend his complaint to clarify certain factual allegations, to add claims for attorneys' fees and compensatory damages, and to demand trial by jury. Stating that "trial is less than two months away; and ... the motion is extraordinarily untimely," the district court denied the motion to amend. *Bowden v. United States,* No. 94–1832 (D.D.C. Oct. 22, 1997).

At the bench trial, Bowden testified that during the back pay negotiations that followed the signing of the settlement agreement, the government agreed to pay all taxes on the back pay award so that he would receive exactly $190,000. *See* 12/15/97 Tr. at 33. Finding that the government had not agreed to "assume several thousands of dollars of an indeterminate tax liability," the district court entered judgment for the government. *Bowden v. United States,* No. 94–1832, at 5–6 (D.D.C. Mar. 27, 1998) (*"Bowden II"*). Bowden appeals. He also challenges the denial of his motion to amend and his request for trial by jury.

## II

█ As we stated in *Bowden I,* extrinsic evidence of prior or contemporaneous oral agreements is inadmissible to vary the terms of an integrated written agreement. *See Bowden I,* 106 F.3d at 439–40. Here, however, both parties introduced evidence of a *subsequent* agreement that supplied a term missing from the written agreement, i.e., the *amount* of the settlement.

In ruling for the government, the district court relied on the testimony of the agency's payroll accounting chief, who testified that prior to the preparation of the settlement check, she expressly told Bowden that the government was only paying his tax liability at the minimum withhold-

ing rate. The witness also testified that she warned Bowden he would face additional tax liability and offered to withhold more, but Bowden declined. *See* 12/16/97 Tr. at 60–61 (testimony of Donna Brock). Later, after Bowden received notices of federal and state tax deficiencies, she reminded him of her previous advice, to which Bowden responded: "I know, I am my own worst enemy." *See* Memorandum from Donna Brock to Winona Varnon (July 13, 1992); 12/16/97 Tr. at 64.

Bowden did not contradict the payroll chief's version of these conversations. Instead, Bowden testified that he and INS had an oral agreement under which the agency would settle his claim for a net amount and pay his full federal and state tax liability. According to Bowden, he told the payroll chief that he needed no further withholding "because the government had assured me they paid the taxes." 12/15/97 Tr. at 40; *see also id.* at 33–34. In support of this claim, Bowden introduced a "buck slip" showing the agency's "grossing up" calculations starting from the $190,000 net amount, as well as its initial back pay and benefits calculations yielding a gross figure that would result in a net payment to Bowden of approximately $190,000 after taxes.

Although the district court never commented on Bowden's documentary evidence, it "refuse[d] ... to credit Bowden's testimony of a collateral or superseding oral agreement by INS to assume several thousands of dollars of an indeterminate tax liability for him." *Bowden II,* No. 94–1832, at 5–6. The court also inferred from Bowden's exchanges with the payroll official that he "understood at the time that he was not getting a tax-free payment in settlement of his claim." *Id.* at 5. We are convinced that these findings are not clearly erroneous, particularly in view of the unusual nature of the agreement that Bowden claims he had with the government (the agency's Deputy Director of Finance testified that in twenty years of experience he had never seen a settlement agreement

in which the government orally agreed to pay all taxes due on the settlement amount, *see* 12/16/97 Tr. at 115), the fact that Bowden never gave the agency the personal and financial information that would have enabled it to calculate his exact tax liability, and the additional fact that Bowden has switched his position in this litigation (in his first appeal, he argued that the tax liability agreement was made prior to signing the settlement agreement). *See Albright v. United States,* 732 F.2d 181, 183 (D.C.Cir.1984) (district court's factual findings reviewed for clear error).

## III

Bowden next challenges the district court's denial of his motion to amend the complaint to clarify certain factual allegations and to demand attorneys' fees, compensatory damages, and trial by jury under Title VII. *See* 42 U.S.C. §§ 1981a, 2000e–5(k) (1994). We generally review a denial of a motion to amend for abuse of discretion. *See Material Supply Int'l, Inc. v. Sunmatch Indus. Co.,* 146 F.3d 983, 991 (D.C.Cir.1998). Federal Rule of Civil Procedure 15(a), however, permits a plaintiff to amend a complaint once as a matter of right "at any time before a responsive pleading is served." FED.R.CIV.P. 15(a); *see Confederate Mem'l Ass'n, Inc. v. Hines,* 995 F.2d 295, 299 (D.C.Cir.1993). At the time Bowden sought to amend, the government had filed only a motion to dismiss or in the alternative for summary judgment, which is not considered a responsive pleading. *See Confederate Mem'l Ass'n,* 995 F.2d at 299. Although the district court had entered final judgment dismissing Bowden's complaint, this court's reversal and remand effectively returned the case to the prejudgment stage where Bowden could amend once as a matter of right before the government filed a responsive pleading. *See Reuber v. United States,* 750 F.2d 1039, 1062 n. 35 (D.C.Cir. 1984). Even if, as the government argues, Bowden had no *right* to amend his complaint, *see Firestone v. Firestone,* 76 F.3d

1205, 1208 (D.C.Cir.1996) (leave to amend is within the district court's discretion after judgment is vacated under Rule 59(e)), we think denying the motion would have been an abuse of discretion: Not only did Bowden's "extraordinar[y] untimel[iness]" in filing the motion result primarily from the time consumed by his first appeal, but the government has alleged no prejudice that amendment would have caused. *See Harrison v. Rubin,* 174 F.3d 249 (D.C.Cir. 1999).

Though erroneous, the district court's denial of Bowden's motion to amend does not require a new trial. At the bench trial, the district court not only permitted Bowden to pursue his revised theory of the case, but also allowed him to introduce the very facts he had sought to add to his complaint. Moreover, because we have affirmed the district court's finding that the government had no obligation to pay Bowden's entire tax liability, Bowden is not a prevailing party entitled to attorneys' fees or compensatory damages. Finally, as to Bowden's jury demand, the Supreme Court held in *Lehman v. Nakshian,* a case arising under the Age Discrimination in Employment Act, that "if Congress waives the Government's immunity from suit, . . . the plaintiff has a right to a trial by jury only where that right is one of 'the terms of [the Government's] consent to be sued.'" 453 U.S. 156, 160, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981) (quoting *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)); *see also id.* at 162 n. 9 ("Since there is no generally applicable jury trial right that attaches when the United States consents to suit, the accepted principles of sovereign immunity require that a jury trial right be clearly provided in the legislation creating the cause of action."). Because section 102 of the Civil Rights Act of 1991 makes trial by jury available only in actions alleging "unlawful intentional discrimination" under Title VII, *see* 42 U.S.C. § 1981a(a)(1) & (c), and because Bowden's claim under the settlement agreement does not turn on

whether he was a victim of "intentional discrimination," Bowden had no right to trial by jury.

### IV

We affirm the judgment of the district court.

*So ordered.*