JAMES V. HURSON ASSOCIATES, INCORPORATED, Appellant,

v.

Dan GLICKMAN, Secretary of the United States Department of Agriculture, and The United States Department of Agriculture, Appellees.

No. 99–5305.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 7, 2000.

Decided Oct. 24, 2000.

Robert J. Brooks argued the cause and filed the briefs for appellant.

Charles W. Scarborough, Attorney, U.S. Department of Justice, argued the cause for appellees. With him on the brief were David W. Ogden, Acting Assistant Attorney General, Barbara C. Biddle, Attorney, and Wilma A. Lewis, U.S. Attorney.

Before: WILLIAMS, SENTELLE and ROGERS, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

James V. Hurson Associates appeals from a District Court judgment upholding a United States Department of Agriculture ("USDA") rule that controls the manner in which the agency receives requests for the approval of food labeling. Appellant contends that the USDA violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq. (1994), by promulgating that rule without first engaging in notice-and-comment rulemaking. It also claims that the District Court erred in denying its motion to amend its complaint to include claims that the USDA's new rule both is arbitrary and capricious and violates the Constitution's Interstate Commerce Clause.

We hold that the District Court properly concluded that USDA was not required to engage in notice-and-comment rulemaking, since its new rule falls within the APA's procedural-rules exception. We also conclude that the court erred in refusing to allow Appellant to amend its complaint to include an arbitrary-and-capricious claim and a Commerce-Clause claim, as it had an absolute right to do so until the USDA filed a responsive pleading. We therefore remand with instructions that Appellant be permitted to amend its complaint to include its arbitrary-and-capricious claim. We do not, however, remand with respect to Appellant's Commerce-Clause claim, because we conclude that it would not be able to survive a motion to dismiss.

## I. BACKGROUND

Appellee Daniel Glickman is the Secretary of the USDA, another appellee in this case (collectively, "USDA"). The USDA's Food Safety Inspection Service ("FSIS") is charged with reviewing the labels affixed to certain commercial food products to ensure that they are truthful, not misleading, and otherwise comply with relevant regulations. Until recently, a commercial food producer could seek approval of a proposed label in several ways: by mailing its application, by personally visiting the FSIS, or by hiring courier/expediter firms whose employees would meet with FSIS representatives during office hours. The latter method, colloquially known as "face-to-face," enabled producers to secure instant approval of their labels, whereas other methods could take days or even weeks. See Meat, Poultry, and Egg Products Labeling Review Process; Elimination of Appointments With Label Courier/Expediting Firms, 63 Fed.Reg. 40,010, 40,011 (1998) [hereinafter Elimination of Face-to-Face].

On July 27, 1998, the USDA announced its intention to do away with "routine,

daily, time-set, face-to-face appointments with courier/expediting firms," although FSIS employees would be available for irregular meetings with industry representatives to discuss novel issues and provide regulatory guidance. *Id.* at 40,010. The USDA cited four reasons for its elimination of face-to-face review: (1) FSIS's need for more time to evaluate labeling involving complex issues; (2) FSIS's need for more time for consultation internally and with other agencies; (3) the food industry's declining need for immediate label approval; and (4) the unfairness of face-to-face to food producers who submit by mail rather than through courier/expediter firms. *See id.* at 40,011.

On September 2, 1998, Hurson, a courier/expediter firm the livelihood of which was threatened by the USDA's new rule, filed a motion for a temporary restraining order against the agency in the United States District Court for the District of Columbia. In its initial complaint, Hurson alleged only that USDA had violated the APA by abolishing face-to-face without engaging in notice-and-comment rulemaking. That statute obliges agencies to publish in the Federal Register notice of a proposed rulemaking and to give interested parties the opportunity to submit comments. *See* 5 U.S.C. § 553(b), (c) (1994). USDA did not submit an answer, and simply moved to dismiss. With the consent of both parties, the District Court regarded Hurson's motion for injunctive relief and USDA's motion to dismiss as motions for summary judgment.

After the parties had fully briefed the notice-and-comment issue, but before the court had ruled on their cross-motions for summary judgment, Hurson submitted an amended complaint (or, in the alternative, a motion seeking leave to amend its complaint). Hurson proposed to add new allegations that the USDA's elimination of face-to-face both was "arbitrary and capricious" in violation of the APA and violated the Constitution's Commerce Clause. The District Court denied Hurson's motion as

untimely, citing "the fact that Plaintiff waited to amend his [sic] complaint until after full briefing of dispositive motions." Having disposed of Hurson's substantive objections to USDA's elimination of face-to-face, the District Court concluded that the agency's new rule was a procedural one. It was, therefore, exempt from the APA's notice-and-comment requirement.

This appeal followed.

## II. DISCUSSION

### A. Notice and Comment

■ Although federal agencies ordinarily must provide the public with notice of a proposed rule and the opportunity to submit comments on it, *see* 5 U.S.C. § 553, the APA makes an exception for, among others, "rules of agency organization, procedure, or practice." *Id.* § 553(b)(3)(A). This Court has stressed that the " 'critical feature' " of a rule that satisfies the so-called "procedural exception 'is that it covers agency actions that do not themselves alter the rights or interests of parties, although it may alter the manner in which the parties present themselves or their viewpoints to the agency.' " *JEM Broad. Co. v. FCC,* 22 F.3d 320, 326 (D.C.Cir.1994) (quoting *Batterton v. Marshall,* 648 F.2d 694, 707 (D.C.Cir.1980)).

Hence in *JEM,* we concluded that the Federal Communication Commission's new "hard look" rules—under which the Commission summarily would dismiss any flawed license application without allowing the applicant to correct its error, *see id.* at 322–23—were procedural ones. "The critical fact here," we emphasized, "is that the 'hard look' rules did not change the *substantive standards* by which the FCC evaluates license applications, e.g., financial qualifications, proposed programming, and transmitter location." *Id.* at 327. That the hard-look rules employed the same substantive criteria as their predecessors, we concluded, was "fatal to JEM's claim." *Id.; accord National Whistleblower Ctr. v. Nuclear Regulatory Comm'n,* 208 F.3d

256, 262 (D.C.Cir.2000) ("The disputed agency action in this case merely altered a standard for the enforcement of filing deadlines; it did not purport to regulate or limit the Center's substantive rights."), *petition for cert. filed*, 69 U.S.L.W. 3234 (U.S. Sept. 13, 2000) (No. 00–422).

The USDA's decision to eliminate face-to-face review is the very sort of procedural measure the *JEM* Court had in mind, for, by its very terms, the rule "will not change the present system of labeling review," even though the "new procedure will eliminate routine, daily, time-set, face-to-face appointments with courier/expediting firms." Elimination of Face-to-Face, 63 Fed.Reg. at 40,010. The agency's abolition of face-to-face did not alter the substantive criteria by which it would approve or deny proposed labels; it simply changed the procedures it would follow in applying those substantive standards.

Because the rule is procedural on its face—which Hurson concedes, *see* Appellant's Reply Brief at 1 ("USDA devotes the argument to showing that the challenged rule does not change the substantive criteria for evaluating labels. But appellant Hurson does not contend otherwise.")—appellant attempts to characterize it as *effectively* substantive by pointing to its putatively severe consequences and its origins in a "substantive value judgment." Neither effort is persuasive.

■ Hurson introduces some evidence that the elimination of face-to-face approvals will burden food producers. (It also introduces evidence suggesting that the rule would devastate the courier/expediter industry, but the burden to couriers/expediters—which are not regulated parties under the rules—is irrelevant.) Hurson repeatedly argues that food producers need to have their labels approved in "minutes and hours," not, as it suspects will be the case under the USDA's new rule, after waiting for "days, weeks, even months." Appellant's Brief at 24. It also cites the 180 objections to the new rule lodged by entities representing the food industry, which, it proposes, illustrate that food processors regard speedy approval as "an essential cog in their output mechanism." *Id.* at 25.

Hurson's allegation that the elimination of face-to-face will produce a significant burden may or may not be empirically true. As an initial matter, we question whether the food processing industry truly regards the USDA's new rule as especially burdensome. After all, this challenge is brought not by a food processor, but by a courier/expediter firm. Still, the District Court, as it was required to do on a motion for summary judgment, properly viewed all factual inferences in favor of Hurson. *Cf.* Fed.R.Civ.P. 56(c); *Taylor v. FDIC*, 132 F.3d 753, 762 (D.C.Cir.1997).

■ But even if the USDA's elimination of face-to-face *did* impose a substantial burden on food processors, that burden would not convert the rule into a substantive one that triggers the APA's notice-and-comment requirement. Appellant has cited no case in which this Court has required notice-and-comment rulemaking for an especially burdensome procedural rule. Nor could it, for we recognize that "the impact of a rule has no bearing on whether it is legislative or interpretative...." *American Postal Workers Union v. United States Postal Serv.*, 707 F.2d 548, 560 (D.C.Cir.1983); *accord Cabais v. Egger*, 690 F.2d 234, 237 (D.C.Cir.1982) ("Simply because agency action has substantial impact does not mean it is subject to notice and comment if it is otherwise expressly exempt under the APA."). Indeed, "interpretative rules may have a substantial impact on the rights of individuals." *American Postal Workers*, 707 F.2d at 560. The same is true of procedural rules. We conclude, therefore, that an otherwise-procedural rule does not become a substantive one, for notice-and-comment purposes, simply because it imposes a burden on regulated parties.

■ Hurson's second argument—that notice-and-comment rulemaking is re-

quired given the rule's origin in a "substantive value judgment"—is equally unavailing. The USDA's decision to eliminate face-to-face does, as Hurson alleges, encode the substantive value judgment that the new label-approval procedures will more readily promote its already-existing goals of fairness and efficiency. But the fact that the agency's decision was based on a value judgment about procedural efficiency does not convert the resulting rule into a substantive one. *All* decisions, to the extent that they derive from reasons, necessarily are based on the value judgment that the chosen option is better, in some relevant way, than its alternatives. We have, therefore, consistently recognized that " 'agency housekeeping rules often embody a judgment about what mechanics and processes are most efficient.' This does not convert a procedural rule into a substantive one." *National Whistleblower*, 208 F.3d at 263 (quoting *JEM*, 22 F.3d at 328).

Finally, Hurson proposes that this Court is bound by our prior holding in *National Association of Home Health Agencies v. Schweiker*, 690 F.2d 932 (D.C.Cir.1982), to conclude that the USDA could eliminate face-to-face only through notice-and-comment rulemaking. In that case, we found that the Department of Health and Human Services was required to engage in notice-and-comment rulemaking when it eliminated Medicare claimants' right to seek reimbursement directly from the agency's Secretary, and now required them to submit their claims to regional intermediaries. *See id.* at 949–50.

*Home Health Agencies* is distinguishable. Unlike the rule challenged in that case, which both eliminated claimants' access to the HHS Secretary and transferred his authority to issue reimbursements to other agency employees, the USDA's rule does not change the agency personnel who will be responsible for reviewing proposed labels. Rather, "[t]he labeling review staff will continue to receive and approve labels," even though they will no longer do so in face-to-face meetings. Elimination of Face-to-Face, 63 Fed.Reg. at 40,010. The crucial element of *Home Health Agencies* is not whether one has "face time" with agency staff members, but which staffers have decision-making authority. *Home Health Agencies* is thus consistent with our holding here, for the same USDA staffers who reviewed labels under face-to-face continue to review labels after that procedure's abolition.

Because the USDA's decision to eliminate face-to-face label review was a "rule[ ] of agency organization, procedure, or practice," 5 U.S.C. § 553(b)(3)(A), we hold that the agency was not required to do so through notice-and-comment rulemaking.

## B.  Amended Complaint

■ On November 10, 1998, Hurson attempted to amend its complaint to supplement its notice-and-comment claim with allegations that the USDA's elimination of face-to-face both is arbitrary and capricious and violates the Constitution's Commerce Clause. The District Court disallowed the amendment, citing the fact that Hurson had not filed its motion until after the parties had fully briefed their cross-motions for summary judgment. USDA now proposes that the District Court's refusal was within its discretion, and cites our pronouncement that, when a plaintiff seeks to amend "more than a year after the filing of [its] initial complaint and after dispositive motions had been filed and opposed," denying its motion "does not appear to be an abuse of discretion." *Wilderness Soc'y v. Griles*, 824 F.2d 4, 19 (D.C.Cir.1987). We conclude that, while the decision whether to permit amendments ordinarily "is left to the discretion of the district court," *Gaubert v. Federal Home Loan Bank Bd.*, 863 F.2d 59, 69 (D.C.Cir.1988), the District Court here erred because Hurson was entitled to amend its complaint as a matter of right.

The Federal Rules of Civil Procedure guarantee a plaintiff an absolute right to amend its complaint once at any time be-

fore the defendant has filed a responsive pleading. *See* FED.R.CIV.P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . ."). In this case, the USDA filed no answer, but only a motion to dismiss. We have repeatedly clarified that a motion to dismiss is not a responsive pleading for the purposes of Rule 15. *See, e.g., Confederate Memorial Ass'n v. Hines*, 995 F.2d 295, 299 (D.C.Cir.1993) ("As a motion to dismiss is not ordinarily considered a 'responsive pleading' . . . under Rule 15(a), appellants could have amended their complaint as of right prior to the court's decision on the motions." (citation omitted)); *accord Bowden v. United States*, 176 F.3d 552, 555 (D.C.Cir.1999) ("At the time Bowden sought to amend, the government had filed only a motion to dismiss or in the alternative for summary judgment, which is not considered a responsive pleading."). Because Hurson therefore was entitled as a matter of right to amend its complaint, it was error for the District Court to refuse to consider its added claims.

■ But not all such errors require a remand. *See Bowden*, 176 F.3d at 555 ("Though erroneous, the district court's denial of Bowden's motion to amend does not require a new trial."). Rather, we recognize that a district court need not be made to reconsider an amended complaint that fails to state a claim upon which relief could be granted, or that would otherwise fail as a matter of law. In other words, no remand is necessary if the amended complaint would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thus, in *Confederate Memorial*, we declined to remand because the plaintiff's amended complaint "fail[ed] to state a civil RICO claim" in that it failed to allege two essential elements: "the existence of an enterprise" and "that appellants suffered injury." *Confederate Memorial*, 995 F.2d at 299, 300. And in *Bowden*, we likewise refused to remand for a new trial based on the plaintiff's

amended complaint, which added demands for fees, compensatory damages, and a jury trial, because the plaintiff was "not a prevailing party entitled to attorneys' fees or compensatory damages" and "had no right to trial by jury." *Bowden*, 176 F.3d at 555, 556.

■ As was true in *Confederate Memorial*, Hurson's Commerce-Clause claim would fail as a matter of law, because it fails to allege the claim's essential elements. In order to articulate a cognizable Commerce-Clause challenge, a plaintiff must allege, at a minimum, that Congress has regulated an activity that falls within none of the following three categories: (1) the channels of interstate commerce; (2) the instrumentalities of interstate commerce; or (3) activities that have a substantial relation to interstate commerce. *See United States v. Lopez*, 514 U.S. 549, 558–59, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). Hurson's complaint neither contains nor even suggests any such allegation.

In fact, what Hurson styles as a Commerce-Clause claim is unlike any Commerce-Clause claim this Court has ever encountered. Hurson does not allege that the statutes authorizing the USDA to regulate food labels exceed the scope of Congress's authority under the Commerce Clause. (Nor could it, if it wishes to remain in business, for if Congress lacks the authority to regulate labeling, there is no need for courier/expediter firms.) Instead, it alleges that the USDA's elimination of face-to-face transgresses the Commerce Clause because it imposes an undue burden on interstate commerce. *See* Appellant's Brief at 31–34. Hurson's argument, in essence, is that the federal government may exercise its Commerce-Clause powers only in ways that promote the free flow of interstate commerce. No court has ever recognized any such claim for relief, nor do we now. Therefore, we do not remand Hurson's Commerce-Clause claim as it would not withstand a motion to dismiss in any event.

Hurson's arbitrary-and-capricious claim is a different matter. A plaintiff can state a claim that an agency's action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A) (1994), in a number of ways. Those include alleging that the agency failed to articulate an adequate explanation for its new policy, *see, e.g., AT & T v. FCC*, 974 F.2d 1351, 1355 (D.C.Cir.1992), and that it failed to consider factors made relevant by Congress, *see, e.g., Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983).

It seems to this Court that Hurson's arbitrary-and-capricious claim is exceptionally weak. We harbor grave doubts that it would be able to prevail on remand. Still, it appears that Hurson has alleged all the elements necessary to state a claim. In its amended complaint, it argued that:

> The reasons for the challenged action, as stated by Defendants in the notice, are patently pretextual, implausible, counter to the attendant facts, and show a failure to consider important factors; and thus the defendants' decision reflected by the Notice is arbitrary, capricious and clearly erroneous.

Amended Complaint at 6. Whatever its substantive flaws, Hurson's arbitrary-and-capricious claim would survive a 12(b)(6) motion to dismiss. If USDA did, in fact, fail to proffer an adequate explanation for its decision to eliminate face-to-face, or if it did in fact fail to consider factors deemed relevant by Congress, a court could conclude that the agency acted arbitrarily and capriciously.

Because Hurson had an absolute right to add an arbitrary-and-capricious claim to its complaint, we therefore have no alternative but to remand with instructions that it be permitted to amend its complaint to include that claim. The Court would have the USDA realize that it could have avoided this additional stage of litigation by doing no more than filing an answer, or other responsive pleading.

In sum, the District Court erred in declining to allow Hurson to amend its complaint to allege that the USDA's elimination of face-to-face violates the Commerce Clause and is arbitrary and capricious, because Hurson was entitled to amend its complaint as a matter of right. Although the Commerce-Clause claim would not survive a motion to dismiss, and therefore need not be remanded, Hurson alleges the necessary elements of an arbitrary-and-capricious claim. Hurson must, therefore, be permitted to amend its complaint to include the latter claim.

## III. CONCLUSION

We affirm the District Court's grant of summary judgment on Hurson's notice-and-comment claim. We also affirm its denial of Hurson's motion to amend its complaint to include a Commerce-Clause claim. We reverse the District Court's denial of Hurson's motion to include an arbitrary-and-capricious claim in its complaint, and remand for further proceedings.

*It is so ordered.*