**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 5 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

AMERICAN BUSH, a Utah
corporation; JERRY NIELSEN, doing
business as Paradise Modeling;
BRENT E. REID, doing business as
All for Love; GAYLE PETERSEN,
doing business as Leather and Lace,

        Plaintiffs-Appellants,

v.

CITY OF SOUTH SALT LAKE, a
municipal corporation,

        Defendant-Appellee.

Nos. 01-4121 & 01-4122
(D.C. No. 2:01-CV-327-B)
(D. Utah)

---

**ORDER AND JUDGMENT**   *

---

Before **SEYMOUR** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The cases are therefore ordered submitted without oral argument.

Plaintiffs appeal the district court's dismissal of their federal claims with prejudice instead of without prejudice.  Defendant cross appeals, claiming the district court's order is correct.  We exercise jurisdiction under 28 U.S.C. § 1291 and reverse.

Plaintiffs are engaged in the adult entertainment industry.  They have challenged various ordinances enacted by defendant to regulate or exclude their respective businesses.  Some of their claims implicated rights guaranteed by the United States Constitution.  After plaintiffs filed suit in a Utah state court challenging the ordinances, defendant removed the action to federal court, pursuant to 28 U.S.C. § 1441.  Plaintiffs immediately amended their complaint to omit their federal claims in order to defeat federal jurisdiction.  The district court then dismissed the federal claims with prejudice and the state claims without prejudice.  Plaintiffs maintain that the federal court did not have jurisdiction to dismiss with prejudice their federal claims.  Neither party challenges the propriety of the removal to federal court nor the district court's treatment of the state-law claims.

As a preliminary matter, we consider defendant's motion to dismiss plaintiffs' appeal for failure to file an appellate brief within forty days after

-2-

notification that the appellate record was complete. The motion to dismiss is denied. See Bartell v. Aurora Pub. Sch., 263 F.3d 1143, 1146 (10th Cir. 2001) (declining to dismiss appeal for failure to timely file appellate brief).

Turning to plaintiffs' argument that the district court did not have jurisdiction to dismiss with prejudice their federal claims, we first note that the federal district court had jurisdiction over the case because the original state-court complaint included federal claims. "[T]he propriety of removal is judged on the complaint as it stands at the time of the removal." Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488 (10th Cir. 1991). "We review the trial judge's dismissal with prejudice for an abuse of discretion." United States ex rel. Stone v. Rockwell Int'l Corp., 282 F.3d 787, 809 (10th Cir. 2002).

Upon removal and before defendant filed an answer to the complaint, the plaintiffs filed an amended complaint and a motion to dismiss in order to return the case to the state court. Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served." Accord James V. Hurson Assocs. v. Glickman, 229 F.3d 277, 282-83 (D.C. Cir. 2000) (Rule 15(a) "guarantee[s] a plaintiff an absolute right to amend its complaint once at any time before the defendant has filed a responsive pleading."). The "responsive pleading" contemplates a substantive response to the allegations in the complaint. A motion

to dismiss, for example, does not cut off a plaintiff's right to amend without leave of court. See id. at 283 (motion to dismiss does not qualify as responsive pleading for Rule 15 purposes). Similarly, the removal petition did not serve to cut off plaintiffs' right to amend their complaint once as a matter of course. [1]

Once the complaint was amended, the federal claims were not part of the case. See Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991) (amended complaint supersedes original). At that point, the district court had discretion only to retain the state claims or relinquish jurisdiction to the state court. See 28 U.S.C. § 1367(a)&(c)(3) (district court has supplemental jurisdiction over state-law claims integrally related to federal claims, but may refuse supplemental jurisdiction if federal claims are dismissed); see also Bauchman ex rel. Bauchman v. West High Sch., 132 F.3d 542, 549 (10th Cir. 1997) ("If federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'") (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). Accordingly, because the federal claims were no longer before the court, the district court abused its discretion by dismissing them with prejudice.

---

[1]     The district court docket sheet reflects that defendant subsequently filed an answer to the amended complaint. Therefore, plaintiffs would be required to obtain leave of court before again amending their complaint for two reasons: only one amendment as a matter of course is permitted, and defendant's answer is a "responsive pleading." See FED. R. CIV. P. 15(a).

-4-

Defendant's motion to dismiss the appeal is denied.  The judgment of the United States District Court for the District of Utah is REVERSED, and the case is REMANDED for further proceedings consistent with this order and judgment.


                              Entered for the Court


                              Stephanie K. Seymour
                              Circuit Judge