**Mary Linelle BOYD, Plaintiff,**

v.

**Donald GRASSMICK et al., Defendants.**

**No. CIV.A. 02–1631(RMU).**

United States District Court,
District of Columbia.

June 10, 2003.

Alan Gura, Washington, DC, for plaintiff.

David A. Jackson, Elizabeth Mary Burke, Office of Corporate Counsel, D.C., Washington, DC, for defendants.

### *MEMORANDUM ORDER*

URBINA, District Judge.

#### Granting the Plaintiff Leave to Late–File an Amended Complaint

### I.  INTRODUCTION & BACKGROUND

The plaintiff, Mary Linelle Boyd, brings this action against the District of Columbia, Metropolitan Police Department ("MPD") officer Donald Grassmick, and 10 "John Doe" defendants ("the Doe defendants") (collectively "the defendants"), asserting various claims arising from a routine traffic stop where defendant Grassmick arrested and detained the plaintiff under the mistaken belief that she was a fugitive.  Compl. at 2–3.

Upon discovering the plaintiff's true identity, the MPD released the plaintiff and dismissed all charges against her. *Id.* at 4.

The plaintiff filed her complaint on August 19, 2002. Defendants Grassmick and the District of Columbia filed their answer on November 22, 2002. The court's deadline for motions to amend was April 17, 2003, order dated March 17, 2003. This matter now comes before the court on the plaintiff's motion to late-file an amended complaint, filed April 15, 2003. Specifically, the plaintiff seeks to add one Gerald Rivera as a party defendant.[1] Pl.'s Mot. at 1–2. The defendants have not filed an opposition to the plaintiff's motion. There being no sufficient reason to deny the plaintiff's motion, the court grants the plaintiff leave to late-file her amended complaint.

## II. ANALYSIS

■ Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course before a responsive pleading is served. FED. R. CIV. P. 15(a); *James V. Hurson Assocs., Inc. v. Glickman,* 229 F.3d 277, 282–83 (D.C.Cir.2000) (observing that the rule "guarantee[s] a plaintiff an absolute right" to amend his complaint once at any time before the defendant has filed a responsive pleading and the court has decided a motion to dismiss). Once a responsive pleading is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *Id.* The D.C. Circuit has held that the grant or the denial of leave is committed to the discretion of the district court. *Firestone v. Firestone,* 76 F.3d 1205 (D.C.Cir.1996). The court must heed Rule 15's mandate, however, that leave is to be "freely given when justice so requires." FED. R. CIV. P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC,* 148 F.3d 1080, 1083 (D.C.Cir.1998). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182, 83

S.Ct. 227. Denial of leave to amend constitutes an abuse of discretion unless the court gives a sufficient reason for its denial, such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, futility of amendment or undue prejudice. *Id.; Caribbean Broad. Sys.,* 148 F.3d at 1083.

Here, because the defendants filed a responsive pleading, the plaintiff may only amend her complaint with leave of the court. FED. R. CIV. P. 15(a); *James V. Hurson Assocs., Inc.,* 229 F.3d at 282–283. Accordingly, the court considers whether there is a sufficient reason to deny the plaintiff's proposed amendment.

■ Looking first at the undue-delay factor, and given the plaintiff's unrebutted representation that the defendants failed to provide her with promised information revealing the identities of possible defendants before the court's set deadline for motions to amend, the court concludes that the plaintiff presented her motion with due diligence so as not to prejudice the defendants or unduly burden the court. Pl.'s Mem. in Supp. of Mot. at 4 (referring to Order dated March 17, 2003); *Atchinson v. District of Columbia,* 73 F.3d 418, 426 (D.C.Cir.1996) (concluding that a court should take into account the actions of other parties and the possibility of resulting prejudice when considering a request for leave to amend). Nor is there any indication that the plaintiff made her motion in bad faith or due to a dilatory motive. *Foman,* 371 U.S. at 182, 83 S.Ct. 227; *Caribbean Broad. Sys.,* 148 F.3d at 1083. Also, because this is the first time the plaintiff seeks amendment in this case, the court cannot conclude that the plaintiff has repeatedly failed to cure deficiencies by previous amendments. *Id.*

Moving on to consider the remaining factors, one reason for why the court would hold the plaintiff's proposed amendment as futile is if it merely restates the same facts as in the original. *Robinson v. Detroit News, Inc.,* 211 F.Supp.2d 101, 114 (D.D.C.2002) (quoting 3 Moore's Federal Practice § 15.15[3] (3d

---

1. As a point of clarification, the court notes that the plaintiff is seeking to add Mr. Rivera as a

defendant in this case as opposed to substituting him as one of the reserved Doe defendants.

ed.2000)). The court here does not view the proposed amendment as futile because it does not merely restate the same factual allegations as in the original complaint. *Id.; Compare* Am. Compl. at 4–5 *with* Compl. at 4. To the contrary, the proposed amended complaint adds to those allegations, averring that Mr. Rivera continued the plaintiff's detention in spite of other law-enforcement agencies indicating that the plaintiff was not a fugitive. Am. Compl. at 4–5; *Robinson,* 211 F.Supp.2d at 114. Nor does it appear that the defendants would be unfairly prejudiced by the plaintiff's amendment in light of the fact that this case is still in an early stage of litigation and the defendants have filed no opposition to the plaintiff's motion.[2] *Foman,* 371 U.S. at 182, 83 S.Ct. 227; *Caribbean Broad. Sys.,* 148 F.3d at 1083. Moreover, given that the defendants' Federal Rule of Civil Procedure 26(a)(1) initial disclosures identified Mr. Rivera as the officer responsible for confirming the plaintiff's warrant, the defendants involved had fair notice as to the possibility that the plaintiff may seek to amend the complaint to include Mr. Rivera. Pl.'s Mem. in Supp. of Mot. at 1; *Mississippi Assn. of Cooperatives v. Farmers Home Admin.,* 139 F.R.D. 542, 544 (D.D.C.1991) (Greene, J.) (addressing the issue of prejudice to the defendant and noting that courts routinely grant leave to amend so that a plaintiff can add additional claims and a new theory where a substantive relationship between the claims exist). Thus, after an appraisal of all the salient factors, the court can see no sufficient reason against granting the plaintiff's motion to amend the complaint. *Foman,* 371 U.S. at 182, 83 S.Ct. 227; *Caribbean Broad. Sys.,* 148 F.3d at 1083.

### III. CONCLUSION

For the foregoing reasons, it is this *10th* day of June 2003,

**ORDERED** that the plaintiff's motion for leave to late-file her amended complaint add-

ing Mr. Rivera as a party defendant is **GRANTED;** and it is

**FURTHER ORDERED** that the Clerk file the amended complaint lodged with the plaintiff's motion; and it is

**ORDERED** that the parties jointly submit by June 27, 20003 a proposed schedule of deadlines for discovery and dispositive motions.

**SO ORDERED.**

---

**2.** Notwithstanding the absence of a filed opposition, the court notes that the plaintiff has abided by Local Civil Rule 7.1(m), which requires that the parties discuss the anticipated motion and make a good faith effort to narrow the areas of disagreement before filing any nondispositive motion. LCvR 7.1(m). The plaintiff included in

her motion the required Rule 7.1(m) statement certifying that the parties had conferred over the present motion. Pl.'s LCvR 7.1(m) Certification. The plaintiff's statement indicates that the defendants oppose adding Mr. Rivera as a party defendant. *Id.*