Athena ADAMS, Plaintiff,

v.

Dawn M. QUATTLEBAUM, Defendant.

No. CIV.A. 03–1961(RMU).

United States District Court,
District of Columbia.

Jan. 2, 2004.

Athena Adams, Washington, DC, pro se.

Christine N. Kearns, Shaw Pittman, Julia Eden Judish, Shaw Pittman LLP, Washington, DC, for Defendant.

### *MEMORANDUM OPINION*

GRANTING THE PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND DENYING THE DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE

URBINA, District Judge.

### I. INTRODUCTION

The *pro se* plaintiff brings this civil-rights action against the defendant, who is the administrator of the retirement community in which the plaintiff resides. The defendant filed a motion to dismiss the complaint, to which the plaintiff responded with a motion to amend the complaint. Because the plaintiff may amend her complaint once as a matter of course before the defendant files a responsive pleading, and given that the defendant's motion to dismiss does not qualify as a responsive pleading, the court grants the plaintiff's motion. Consequently, the court denies the defendant's motion without prejudice now that the amended complaint supersedes the original complaint.

## II. BACKGROUND

### A. Factual Background

The defendant is the administrator of Friendship Terrace retirement community, where the plaintiff, a Caucasian woman, has resided with federal assistance since April 1999. Compl. at 1. The plaintiff claims that the defendant is seeking to wrongfully remove her from her residence and accuses the defendant of aggressively discriminating against her based on race and economic status. *Id.* Attach. 1.

Initially, the defendant apparently attempted to terminate the plaintiff's lease in breach of their contract by returning the plaintiff's rental check for the month of September 2003. *Id.* Ex. A. at 1. In the ensuing months, the defendant allegedly embarrassed and intimidated the plaintiff. *Id.* Attach. 1. Specifically, the plaintiff claims that the defendant reported to law enforcement that the plaintiff had a history of mental illness and a gun with which she was threatening the retirement community's staff and residents. *Id.* The responding police officers arrested the plaintiff, resulting in her hospitalization at a local mental-health institution. *Id.* While hospitalized, she allegedly exhibited no signs of mental illness. *Id.*

Against this background, the plaintiff accuses the defendant of violating her civil rights under 42 U.S.C. § 1983. *Id.* As a remedy, the plaintiff asks the court to issue a restraining order against the defendant and the defendant's agents to prevent "other adverse actions ... which violate [her] civil rights and interfere with [her] being able to live in peace and quiet[.]" *Id.*

### B. Procedural Background

On September 12, 2003, the plaintiff filed her complaint in the Superior Court. On September 22, 2003, the defendant filed a notice of removal, bringing the matter before this court. Subsequently, on September 29, 2003, the defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In response, on October 10, 2003, the plaintiff filed a motion to amend the complaint. The court now addresses the parties' motions.

## III. ANALYSIS

### A. Legal Standard for a Motion to Amend

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). Additionally, Rule 15(a) allows a party to amend its pleading to add a new party.[1] *Id.*; *Wiggins v. Dist. Cablevision, Inc.*, 853 F.Supp. 484, 499 (D.D.C.1994) (Lamberth, J.); 6 FED. PRAC. & PROC.2d § 1474. According to our court of appeals, Rule 15(a) "guarantee[s] a plaintiff an absolute right" to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss. *James V. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 282–83 (D.C.Cir.2000) (citing FED. R. CIV. P. 15(a)). If there is more than one defendant, and not all have served responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer. 6 FED. PRAC. & PROC.2d § 1481. Motions to dismiss and for summary judgment do not qualify as responsive pleadings for the purposes of Rule 15. *James V. Hurson Assocs.*, 229 F.3d at 283; *Bowden v. United States*, 176 F.3d 552 (D.C.Cir.1999); *U.S. Info.*

---

1. A motion to amend a complaint to add a party may also implicate Federal Rules of Civil Procedure 20 and 21, the joinder rules. *Oneida Indian Nation v. County of Oneida*, 199 F.R.D. 61, 72 (N.D.N.Y.2000). Once a responsive pleading has been served, however, the standard for adding a party is the same regardless of the rule under which the motion is made: the decision lies within the discretion of the court. *Wiggins v. Dist. Cablevision, Inc.*, 853 F.Supp. 484, 499 n. 29 (D.D.C.1994) (Lamberth, J.) (stating that "[i]t is well established that after a responsive plead-ing has been served, the standards for adding parties are the same whether the motion is made under Rule 15 or Rule 21"); *Oneida Indian Nation*, 199 F.R.D. at 72 (noting that "in practical terms there is little difference between [Rules 15, 20, and 21] in that they all leave the decision whether to permit or deny amendment to the district court's discretion"); 6 FED. PRAC. & PROC.2d § 1474 (indicating that "the same basic standard for adding or dropping a party will apply whether the pleader moves under Rule 15(a) or Rule 21").

*Agency v. Krc,* 905 F.2d 389, 399 (D.C.Cir. 1990).

Once a responsive pleading is served, however, a plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party. FED. R. CIV. P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The grant or denial of leave lies in the sound discretion of the district court. *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996). The court must, however, heed Rule 15's mandate that leave is to be "freely given when justice so requires." *Id.; Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.,* 148 F.3d 1080, 1083 (D.C.Cir.1998). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182, 83 S.Ct. 227. Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments. *Id.; Caribbean Broad. Sys.,* 148 F.3d at 1083.

### B. The Court Grants the Plaintiff's Motion to Amend

In recognition of the relaxed pleading standards applicable to *pro se* litigants, the court will view the plaintiff's motion as a Rule 15(a) motion even though she does not explicitly frame it as such. *See Moore v. Agency for Int'l Dev.,* 994 F.2d 874, 876 (D.C.Cir.1993) (relaxing the procedural requirements for *pro se* litigants). As stated, the D.C. Circuit recognizes that under Rule 15(a) the plaintiff enjoys an "absolute right" to amend the complaint once at any time prior to a responsive pleading or the granting of a motion to dismiss. *James V. Hurson Assocs.,* 229 F.3d at 282–83. Because the defendant has filed a motion to dismiss and not a responsive pleading, the court grants the plaintiff's proposed amendment as of right. *Id.*

### C. The Court Denies the Defendant's Motion to Dismiss Without Prejudice

The amended complaint is now the operative complaint due to its superseding nature. *Washer v. Bullitt County,* 110 U.S. 558, 562, 4 S.Ct. 249, 28 L.Ed. 249 (1884); *Bancoult v. McNamara,* 214 F.R.D. 5, 13 (D.D.C.2003) (noting that "the original complaint is now superseded by the amended complaint"); 6 FED. PRAC. & PROC.2d § 1476 (explaining that an amended pleading "under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified"). There remains, however, the defendant's motion to dismiss. Because that motion pertains to the original and now-superseded complaint, the court denies it without prejudice. *Bancoult,* 214 F.R.D. at 13 ("den[ying] without prejudice all pending motions pertaining to the original complaint"); *see also Turner v. Kight,* 192 F.Supp.2d 391, 397 (D.Md.2002) (denying as moot the motions to dismiss on the basis that the amended complaint supersedes the original complaint). This result, however, does not preclude the defendant from filing a motion to dismiss the amended complaint if the defendant so desires.

### IV. CONCLUSION

For the foregoing reasons, the court grants the plaintiff's motion to amend and denies the defendant's motion to dismiss without prejudice. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this *2nd* day of January 2004.