NATIONAL CITY MORTGAGE
CO., Plaintiff,

v.

Laila NAVARRO et al., Defendants.

Civil Action No. 03–0099 (RMU).

United States District Court,
District of Columbia.

March 11, 2004.

Daniel J. Tobin, Kirkpatrick & Lockhart LLP, Washington, DC, for Plaintiff.

Walter Lloyd Blair, Blair & Lee, P.C., College Park, MD, Isaac Nnabuchi Edoga, Edoga & Associates, Hyattsville, MD, Charles C. Iweanoge, The Iweanoges' Firm, Washington, DC, Harry Allen Suissa, Silver Spring, MD, Alexander H. Gillespie, Bonner, Kiernan, Trebach & Crociata, Ronald William Fuchs, Eccleston & Wolf, P.C., Washington, DC, James Michael Connolly, Kramer & Connolly, Owings Mills, MD, Timothy G. Casey, Rockville, MD, for Defendants.

## MEMORANDUM OPINION

URBINA, District Judge.

### GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT AND DENYING WITHOUT PREJUDICE THE PENDING MOTIONS TO DISMISS

## I. INTRODUCTION

The plaintiff National City Mortgage Co., a mortgage lender, brings suit against defendants Laila Navarro ("Navarro"), Obafemi Olybuyimo ("Olybuyimo"), Olutoyin Oladosu ("Oladosu"), Dee–Ladok Investments, Inc. ("Dee–Ladok"), Olugbenga Adeyale ("Adeyale"), Devon Investments, Inc. ("Devon"), Mary Haley ("Haley"), and Brenita Young ("Young") for fraud, conspiracy to defraud, negligent misrepresentation and negligence. The plaintiff also alleges a claim for unjust enrichment against defendant Preferred Investments, Inc. ("Preferred") and Admark Investments, Inc. ("Admark"). This matter is currently before the court on the plaintiff's unopposed motion for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a) and defendants Adeyale, Devon and Preferred's motions to dismiss. First, the court grants the plaintiff's unopposed motion to amend because the plaintiff's proposed amendment is as of right in relation to some of the defendants, and there is no reason warranting denial of the plaintiff's proposed amendment as to the defendants that have already filed a responsive pleading. Second, the court denies without prejudice the pending motions to dismiss because they pertain to the original complaint, now superseded by the amended complaint.

## II. BACKGROUND

### A. Factual Background

The plaintiff alleges that each of the defendants was involved in a complex scheme to defraud it through submission of false or fraudulent information in connection with mortgage loan applications. Compl. ¶¶ 1–2. The plaintiff claims that, beginning in April 2001 and continuing until March 2002, defendants Olybuyimo, Oladosu, Adeyale, Devon and Dee–Ladok (collectively "the seller defendants") made material misrepresentations or omitted facts in connection with loan applications on which the plaintiff relied to approve mortgage loans. *Id.* ¶ 2. Specifically, the plaintiff contends that the seller defendants made misrepresentations regarding borrowers' alleged identities, employment, income and assets. *Id.* ¶ 172. The plaintiff further claims that defendants Haley and Young prepared and submitted false and fraudulent appraisals and that defendant Navarro facilitated the submission of false and fraudulent documentation to the plaintiff. *Id.* ¶ 2. Finally, the plaintiff asserts that defendants Preferred and Admark were the recipients of improper disbursements and were thereby unjustly enriched. *Id.*

According to the plaintiff, the fraudulent scheme involved the seller defendants purchasing properties and then recruiting or creating straw buyers to obtain loans from the plaintiff by using the properties as collateral. *Id.* ¶¶ 2, 22–26. The straw buyers

would then allegedly use the loans to purchase those properties from the seller defendants. *See, e.g., id.* ¶¶ 97–101, 111–115 The defendants, however, exaggerated the price of the properties in order to trick the plaintiff into providing larger than necessary loans to the straw buyers. *Id.* Defendants Haley and Young allegedly prepared false appraisals that overstated the properties' value to justify the inflated prices. *Id.* ¶ 3. The plaintiff claims that the seller defendants, assisted by defendant Navarro, then submitted phony credit and income information to the plaintiff in support of the straw buyers' loan applications. *Id.* The plaintiff asserts that after it approved the loans, a title company participating in the fraud closed the loans. *See, e.g., id.* ¶¶ 100, 114. The plaintiff further states that the buyers then stopped making payments on the loans, which then went into default. *See, e.g., id.* ¶¶ 101, 105, 110, 114. As a result, the defendants allegedly reaped the profit that resulted from the difference between the actual value of the property and the inflated loan amount. *Id.* ¶ 2. Finally the plaintiff alleges that, defendants Admark and Preferred received the proceeds of the fraudulent transactions. *Id.* ¶¶ 6, 11.

## B. Procedural History

The plaintiff filed the complaint on January 21, 2003. Defendant Navarro filed an answer on February 26, 2003 and defendant Olybuyimo filed an answer on December 8, 2003. On April 6, 2003, defendants Preferred and Devon filed motions to dismiss. The next day, defendant Adeyale filed his own motion to dismiss. On January 27, 2004, the plaintiff filed a motion for leave to file an amended complaint. The court now addresses these pending motions.

## III. ANALYSIS

### A. The Plaintiff's Motion For Leave to Amend

The plaintiff moves the court for leave to amend the complaint because six of the original 28 loans are no longer at issue. Pl.'s

Mot. ¶ 2. In addition, the plaintiff states that the occurrences that have mooted the six loans also have eliminated the need for five of the original 15 defendants to participate in this case.[1] *Id.* Lastly, the plaintiff states that as a result of the passage of time, its losses in connection with each loan can now be alleged with greater specificity. *Id.*

▌ Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. FED. R.CIV.P. 15(a). According to our court of appeals, Rule 15(a) "guarantee[s] a plaintiff an absolute right" to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss. *James V. Hurson Assocs., Inc. v. Glickman,* 229 F.3d 277, 282–83 (D.C.Cir.2000) (citing FED.R.CIV.P. 15(a)). If there is more than one defendant, and not all have served responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer. 6 FED. PRAC. & PROC. 2d § 1481. Motions to dismiss and for summary judgment do not qualify as responsive pleadings for the purposes of Rule 15. *James V. Hurson Assocs.,* 229 F.3d at 283; *Bowden v. United States,* 176 F.3d 552 (D.C.Cir.1999); *U.S. Info. Agency v. Krc,* 905 F.2d 389, 399 (D.C.Cir.1990).

▌ Once a responsive pleading is served, however, a party may amend its complaint only by leave of the court or by written consent of the adverse party. FED.R.CIV.P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The grant or denial of leave to amend is committed to the sound discretion of the district court. *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996). The court must, however, heed Rule 15's mandate that leave is to be "freely given when justice so requires." *Id.*; *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.,* 148 F.3d 1080, 1083 (D.C.Cir. 1998). Indeed, "[i]f the underlying facts or

---

1. The court has already dismissed defendants Gideon Title, Inc., Raflo Title & Settlements, Inc., U.S. Titles, Inc., Cosmopolitan Investments, Inc. and Maryland Settlement Services, Inc. Minute Order dated Aug. 9, 2003; Order dated Feb. 26, 2004.

circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182, 83 S.Ct. 227. Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments. *Id.; Caribbean Broad. Sys.,* 148 F.3d at 1083.

■ In the case at hand, defendants Navarro and Olybuyimo answered the plaintiff's original complaint. Defendants Oladsu, Dee–Ladok, Haley, Young, and Admark have not filed responsive pleadings. Finally, defendants Adeyale, Devon and Preferred have filed motions to dismiss. The plaintiff, thereafter, sought leave to amend the complaint. The plaintiff has an "absolute right" to amend the complaint with regard to defendants Oladsu, Dee–Ladok, Haley, Young and Admark. *James V. Hurson Assocs.,* 229 F.3d at 282–83. The plaintiff also has an "absolute right" to amend the complaint with regard to defendants Adeyale, Devon and Preferred because their motions to dismiss are not responsive pleadings and the court has yet to decide these motions.[2] *Id.; Bowden,* 176 F.3d at 555; *Bancoult v. McNamara,* 214 F.R.D. 5, 8 (D.D.C.2003).

■ Because defendants Navarro and Olybuyimo each have served and filed a responsive pleading, the plaintiff may amend its complaint as to those defendants only with leave of the court. *Bancoult,* 214 F.R.D. at 8 (citing FED.R.CIV.P. 15(a)). Thus, the court must determine whether a sufficient reason

exists warranting denial of the plaintiff's proposed amendment as to those defendants. *Foman,* 371 U.S. at 182, 83 S.Ct. 227; *Caribbean Broad. Sys.,* 148 F.3d at 1083.

As a preliminary matter, it appears that the only proposed amendment to the complaint of direct concern to defendants Olybuyimo and Navarro involves the plaintiff's alleged dollar amount of damages. Specifically, the plaintiff now states damages with greater precision. *See, e.g.,* Am. Compl. ¶¶ 27, 32, 37. In addition, it is important to note that the plaintiff's motion to amend is unopposed by these defendants.[3] It is against this backdrop that the court considers whether there is a sufficient reason to deny the plaintiff's motion to amend. *Id.*

Looking first at the undue delay factor, the court concludes that, in light of the plaintiff's unrebutted representations that events have occurred since the filing of the original complaint that have mooted some of the disputes and that the plaintiff now can allege some losses with greater precision, the plaintiff advanced its motion to amend with due diligence so as not to prejudice the defendants or unduly burden the court. Pl.'s Mot. at 1–2; *accord Atchinson v. District of Columbia,* 73 F.3d 418, 426 (D.C.Cir.1996) (concluding that a court should take into account the actions of other parties and the possibility of resulting prejudice when considering a request for leave to amend). Similarly, there is no indication that the plaintiff made its motion in bad faith or due to a dilatory motive. *Foman,* 371 U.S. at 182, 83 S.Ct. 227; *Caribbean Broad, Sys.,* 148 F.3d at 1083. Additionally, because this is the first time that the plaintiff seeks to amend the complaint, the court cannot conclude that the

2. When a plaintiff's amendment of the complaint is "as a matter of course" under Rule 15(a), the plaintiff's filing of a motion requesting the court's leave to amend does neither nullifies the plaintiff's right to amend, nor invokes the court's authority to deny leave. *E.g., Pure Country, Inc. v. Sigma Chi Fraternity,* 312 F.3d 952, 956 (8th Cir.2002).

3. Under Local Civil Rule 7(b), if the opposing party fails to file a responsive memorandum of points and authorities in opposition to a motion, the court may treat the motion as conceded. *See* LCvR 7(b); *Giraldo v. Dep't of Justice,* 2002 WL 1461787, at *1, 2002 U.S.App. LEXIS 13685, at

*2 (D.C.Cir. July 8, 2002) (citing *Fed. Deposit Ins. Corp. v. Bender,* 127 F.3d 58, 68 (D.C.Cir.1997)). Furthermore, a party who fails to file a timely response "is deemed to have waived his opposition to the [motion]." *Weil v. Seltzer,* 873 F.2d 1453, 1459 (D.C.Cir.1989) (also cited by *Bender,* 127 F.3d at 67–68, in the context of a motion for summary judgment). The D.C. Circuit has therefore stated that "[w]here the district court relies on the absence of ·a response as a basis for treating the motion as conceded, we honor its enforcement of the rule." *Twelve John Does v. Dist. of Columbia,* 117 F.3d 571, 577 (D.C.Cir. 1997).

plaintiff has repeatedly failed to cure deficiencies by previous amendments. *Id.* Moreover, the court does not view the proposed amendment as futile, as it merely changes the dollar amount in controversy and strips away resolved issues. *Robinson v. Detroit News, Inc.,* 211 F.Supp.2d 101, 114 (D.D.C. 2002) (quoting 3 Moore's Fed. Prac. § 15.15[3] (3d ed.2000) (defining futility)); *compare* Compl. ¶¶ 67, 73, 80, 87, 143 *with* Am. Compl ¶¶ 87, 94, 101, 108, 167. Finally, it does not appear that the plaintiff's amendment would unfairly prejudice these defendants given that this case is in the early stages of litigation, and there is no opposition to the plaintiff's motion. *Foman,* 371 U.S. at 182, 83 S.Ct. 227; *Caribbean Broad. Sys.,* 148 F.3d at 1083.

In sum, the court sees no reason to deny the plaintiff's motion. *Id.* Following Rule 15(a)'s mandate, therefore, the court grants the plaintiff leave to file her amended complaint. *Id.;* FED.R.CIV.P. 15(a).

### B. The Pending Motions to Dismiss

█ Because the plaintiff's amended complaint supersedes the original complaint, the amended complaint is now the operative complaint. *Washer v. Bullitt County,* 110 U.S. 558, 562, 4 S.Ct. 249, 28 L.Ed. 249 (1884); *Bancoult,* 214 F.R.D. at 13 (noting that "the original complaint is now superseded by the amended complaint"); 6 FED. PRAC. & PROC. 2d § 1476 (explaining that an amended pleading "under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified"). Defendants Adeyale, Devon and Preferred, however, have moved the court to dismiss the plaintiff's original complaint. Because their motions to dismiss pertain to the original complaint, the court denies the motions without prejudice. *Bancoult,* 214 F.R.D. at 13 ("den[ying] without prejudice all pending motions pertaining to the original complaint"); *Turner v. Kight,* 192 F.Supp.2d 391, 397 (D.Md.2002) (denying as moot the defendants' motions to dismiss on the basis that the amended complaint supersedes the original complaint).

### IV. CONCLUSION

For the foregoing reasons, the court grants the plaintiff's motion for leave to amend the complaint and denies without prejudice Defendants Adeyale, Devon and Preferred's motions to dismiss. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this day of March, 2003.